UNITED STATES of America,
Appellee,

v.

Courtney MUNROE, Defendant–
Appellant.

No. 05–3806CR, 05–3807CR.

United States Court of Appeals,
Second Circuit.

Feb. 14, 2006.

---

James P. Kennedy, Jr., Assistant United States Attorney, for Kathleen M. Mehltretter, Acting United States Attorney for the Western District of New York, Buffalo, N.Y., for Appellee.

Robert G. Smith, Assistant Federal Defender (Jay S. Ovsiovitch), Western District of New York, Rochester, N.Y., for Appellant, of counsel.

PRESENT: Hon. GUIDO CALABRESI, Hon. CHESTER J. STRAUB, Circuit Judges, and Hon. CHRISTOPHER F. DRONEY,* District Judge.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED.**

Defendant–Appellant Courtney Munroe ("Appellant"), who pleaded guilty to illegally reentering the United States after being deported, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2), appeals the final judgment of the United States District Court for the Western District of New York (Larimer, *J.*). The district court sentenced Appellant to two terms of incarceration, a 77–month term for the illegal reentry, and a 12–month term for Appellant's violation of his supervised release, which were to be served consecutively. We assume the parties' familiarity with the facts, procedural history, and scope of issues on appeal, which we reference only as necessary to explain our decision.

After the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we "review sentencing decisions for unreasonableness." *Id.* at 767. This standard of review is necessarily "deferential," *United States v. Canova*, 412 F.3d 331, 350 (2d Cir.2005), because " 'reasonableness' is inherently a concept of flexible meaning, generally lacking precise boundaries," *United States v. Crosby*, 397 F.3d 103, 115 (2d Cir.2005). Moreover, we have noted that "[a]lthough the brevity or length of a sentence can exceed the bounds of 'reasonableness,' we anticipate encountering such circumstances infrequently." *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir.2005). More often, a reasonableness challenge will require us to "focus primarily on the sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a)." *Canova*, 412 F.3d at 350; *see also Booker*, 125 S.Ct. at 766 (noting that § 3553(a) factors "will guide appellate courts, as they have in the past, in determining whether a sentence is unreasonable").

Assuming *arguendo*—as we can in this case—that we have jurisdiction to review the district court's sentence, *see Fama v. Comm'r of Correctional Servs.*, 235 F.3d 804, 816 n. 11 (2d Cir.2000), we find that Appellant's sentence was not unreasonable.

---

* The Honorable Christopher F. Droney, of the United States District Court for the District of Connecticut, sitting by designation.

The district court paid attention to all of the relevant § 3553(a) considerations in deciding Appellant's sentence. First, the district court properly used, as its starting point, the applicable United States Sentencing Guidelines range of 77 to 96 months. *See* § 3553(a)(4) (requiring consideration of the sentencing range established by the federal guidelines). This sentencing range was first presented to Appellant in his plea bargain agreement, and was again calculated on the basis of findings developed in the presentence report, which Appellant concedes is free of error. The sentencing judge also expressly took account of Appellant's extensive criminal history. *See* § 3553(a)(1) (mandating that district courts consider the "history and characteristics of the defendant"). In addition, the district court emphasized the need for deterrence in justifying its decision to sentence Appellant to consecutive, rather than concurrent, terms. *See* § 3553(a)(2)(B) (requiring consideration of the "need for the sentence imposed ... to afford adequate deterrence to criminal conduct"). Accordingly, we conclude that the district court faithfully discharged its post-*Booker* obligations, and that its sentence was not unreasonable.

Appellant also claims that the district court's sentence was unreasonable because it failed to depart downwardly on the basis of his cultural assimilation. Unlike some other circuits,[1] we have not addressed the availability of a departure on this ground. But we have no occasion in the case before us to address this unsettled question of law. The district court explained why it was unmoved, on the facts, by Appellant's putatively close ties to the United States.

Moreover, we find no record evidence that the sentencing judge misapprehended his authority to impose a more lenient sentence. *See United States v. Valdez*, 426 F.3d 178, 184 (2d Cir.2005) ("Although a refusal to downwardly depart is generally not appealable, review is available when a sentencing court misapprehended the scope of its authority to depart or the sentence was otherwise illegal.").

We have considered all of Appellant's arguments and find them to be without merit. The judgment of the district court is hereby AFFIRMED.

---

1. For example, the Ninth Circuit has held that a defendant's "cultural assimilation is a fact-specific ground for departure that may speak to an individual defendant's offense, his conduct and his character" and "may be relevant to sentencing ... if a district court finds that a defendant's unusual cultural ties to the United States—rather than ordinary economic incentives—provided the motivation for the defendant's illegal reentry or continued presence in the United States." *See United States v. Lipman*, 133 F.3d 726, 731 (9th Cir.1998).