**UNITED STATES of America,
Appellee,**

v.

**Rawle FOLKES, Defendant–Appellant.**

No. 05–4810CR.

United States Court of Appeals,
Second Circuit.

March 22, 2006.

64

Adam Abensohn, Assistant United States Attorney, for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, (Peter A. Norling, Assistant United States Attorney), Brooklyn, N.Y., for Appellee, of counsel.

Ronald J. Aiello of Law Office of Ronald J. Aiello, New York, N.Y., for Appellant.

PRESENT: Hon. GUIDO CALABRESI, Hon. JOSÉ A. CABRANES, and Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and it hereby is **AFFIRMED.**

Defendant–Appellant Rawle Folkes ("Appellant"), who pleaded guilty to a one-count indictment charging him with possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a)(1), appeals the final judgment of the United States District Court for the Eastern District of New York (Amon, *J.*). The district court sentenced Appellant to 55 months in prison and two years of supervised release. We assume the parties' familiarity with the facts, procedural history, and scope of issues on appeal, which we reference only as necessary to explain our decision.

After the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), we "review sentencing decisions for unreasonableness." *Id.* at 224, 125 S.Ct. 738. This standard of review is necessarily "deferential," *United States v. Canova*, 412 F.3d 331, 350 (2d Cir.2005), because "'reasonableness' is inherently a concept of flexible meaning, generally lacking precise boundaries," *United States v. Crosby*, 397 F.3d 103, 115 (2d Cir.2005). Moreover, we have noted that "[a]lthough the brevity or length of a sentence can exceed the bounds of 'reasonableness,' we anticipate encountering such circumstances infrequently." *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir.2005). More often, a reasonableness challenge will require us to "focus primarily on the sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a)." *Canova*, 412 F.3d at 350; *see also Booker*, 543 U.S. at 261, 125 S.Ct. 738 (noting that § 3553(a) factors "will guide appellate courts, as they have in the past, in determining whether a sentence is unreasonable"). As part of our analysis, we continue to review the district court's calculation of the applicable sentencing guidelines range. *See United States v. Selioutsky*, 409 F.3d 114, 118 (2d Cir.2005) ("An error in determining the applicable Guideline range or the availability of departure authority would be the type of procedural error that could render a sentence unreasonable under *Booker.*").

With regard to factfinding by the district court, we have long held that "[f]acts ... need [to] be established only by a preponderance of the evidence," and that "the court's factual findings are reviewed only for clear error." *United States v. Miller*, 116 F.3d 641, 684 (2d. Cir.1997).

As we held in *United States v. Garcia*, 413 F.3d 201, 222 (2d Cir.2005), "even after *Booker*'s excision of [18 U.S.C.] § 3742(e), it is appropriate to maintain a clear error standard of review for appellate challenges to judicial fact-finding at sentencing." *See also id.* ("To reject a finding of fact as clearly erroneous, we must, upon review of the entire record, be left with the definite and firm conviction that a mistake has been committed." (internal quotation marks omitted)).

In his appeal to us, Appellant contends that the district court wrongly concluded that he was ineligible for a two-level safety-valve reduction under U.S.S.G. § 5C1.2. The district court had decided that, because police discovered three firearms—two loaded semi-automatic weapons and a shotgun—in close proximity to drug paraphernalia in Appellant's one-bedroom apartment, Appellant had failed to prove (as he must to establish eligibility for the safety-valve reduction) that he had not "possess[ed] a firearm ... in connection with the offense." U.S.S.G. § 5C1.2(a)(2). Because of the location of loaded firearms in relation to where the drug activity apparently took place, we see no reason to disturb the district court's conclusion that Appellant was ineligible for a safety-valve reduction under U.S.S.G. § 5C1.2. *See United States v. Chen*, 127 F.3d 286, 291 (2d Cir.1997) (concluding that the "in connection with" language of § 5C1.2 "is satisfied when the government establishes, by a preponderance of the evidence, that the firearm 'served some purpose with respect to' the offense"); *cf. Smith v. United States*, 508 U.S. 223, 238, 113 S.Ct. 2050, 124 L.Ed.2d 138 (1993); *United States v. Smythe*, 363 F.3d 127, 128 (2d Cir.2004).

We have considered all of Appellant's arguments and find them to be without merit. The judgment of the district court is hereby AFFIRMED.