UNITED STATES of America,
Appellee,

v.

Thomas VICTORIA, Omar Victoria, Anthony Garcia, Oscar Valentin, Raymond Mianti, Donald Radogna, Edmund Adams, Matthew Rodelli, Christopher Cahill, Hector Munoz, Todd Paulin, Dayna Virdile, William Valentin, Defendants,

James Whitted, Defendant–Appellant.

No. 05–3054–CR.

United States Court of Appeals,
Second Circuit.

March 23, 2006.

Margery B. Feinzig (John P. Collins, Jr. and Celeste L. Koeleveld, on the brief), Assistant United States Attorneys, for Michael J. Garcia, United States Attorney for the Southern District of New York; New York, NY, for Appellant.

Theodore S. Green, Green & Willstatter; White Plains, NY, for Appellee.

PRESENT: Hon. PIERRE N. LEVAL, Hon. BARRINGTON D. PARKER, Circuit Judges, and Hon. WILLIAM K. SESSIONS III,* Chief District Judge.

* The Honorable William K. Sessions III, Chief United States District Court Judge for the District of Vermont, sitting by designation.

## SUMMARY ORDER

James Whitted appeals from a judgment of the United States District Court for the Southern District of New York (Stephen C. Robinson, *Judge*), convicting him of conspiracy to distribute and possess with intent to distribute cocaine in violation of 21 §§ U.S.C. 841(b)(1)(B) and 846 and sentencing him principally to a term of 165 months' imprisonment. We assume familiarity with the underlying facts and procedural history.

Appellant essentially raises four issues on appeal. First, Whitted argues that the district court's factual findings in connection with sentencing were clearly erroneous. Second, Whitted argues that his sentence violates the Sixth Amendment and the *Ex Post Facto* Clause. Third, Whitted argues that the District Court deprived him of his due process rights in not permitting Whitted to call a witness at the sentencing hearing. Finally, Whitted contends that his 165–month sentence was unreasonable.

■ First, on appeal, Whitted argues that the district court's determination of the drug quantity was clearly erroneous. In determining the drug quantity for which Whitted was responsible, the court was entitled to consider not only Whitted's own sales, but also, as relevant conduct, the sales of others which were "aided" or "abetted" by Whitted, as well as sales "jointly undertaken" by Whitted and others. *See* U.S.S.G. § 1B1.3(a)(1)(A), (B). The district court reasonably found that by giving guns to his supplier Mianti, for use by Mianti to protect Mianti's drug business, Whitted became responsible for Mianti's sales as relevant conduct. Despite Whitted's contention that the court

should have discounted the testimony of the co-conspirator witness, who was cooperating with the government, it was within the province of the court to credit Mianti's testimony.

■ In any event, Whitted's objection to the district court's drug quantity determination is purely academic. If the district court had accepted Whitted's argument and disregarded the drugs attributed to his co-conspirators, his offense level would have been reduced by two levels. *See* U.S.S.G. § 2D1.1(c). While this would have reduced the applicable guideline range to 210 to 262 months, the 165–month sentence that Whitted ultimately received was well below even this lower range.

■ Whitted's argument that the district court violated the Sixth Amendment and *Ex Post Facto* Clause when it calculated an advisory Guidelines sentence with enhancements based on facts not admitted by the defendant or found by a jury is foreclosed by our precedent. *United States v. Garcia*, 413 F.3d 201, 220 n. 15 (2d Cir.2005) (noting that "[j]udicial authority to find facts relevant to sentencing by a preponderance of the evidence survives *Booker*" and that under advisory Guidelines, a sentencing court may find facts relevant to sentencing without violating the Sixth Amendment); *see also United States v. Vaughn*, 430 F.3d 518, 524–26 (rejecting claim that the Due Process Clause requires that a defendant be sentenced only in accordance with facts proved to a jury beyond a reasonable doubt or forbids the retroactive application of *Booker*).

■ Third, Whitted contends that the district court violated due process by denying his request to call an United States Probation Officer to testify at the sentencing hearing. The district court was "not required under the due process clause or the Guidelines to hold a full blown evidentiary hearing." *United States v. Olvera*, 954 F.2d 788, 792 (2d Cir.1992). It is well-settled that "the procedure followed in resolving disputed factors at sentencing rests in the district court's sound discretion." *United States v. Prescott*, 920 F.2d 139, 144 (2d Cir.1990). The district judge's refusal to permit Whitted to call the Probation Officer involved no abuse of discretion.

■ Finally, Whitted argues that the length of his sentence is unreasonable. "Because 'reasonableness' is inherently a concept of flexible meaning," the reasonableness standard of review is necessarily deferential. *United States v. Crosby*, 397 F.3d 103, 115 (2d Cir.2005). Although the court has recognized the possibility that a sentence within prescribed statutory limits may, nevertheless, "exceed the bounds of 'reasonableness,'" we have emphasized that we anticipate encountering such circumstances infrequently." *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir.2005). In sum, we are satisfied that the district court considered the factors outlined in 18 U.S.C. § 3553(a) and that the sentence is reasonable in light of those factors. *See id.*

We have considered the defendant's remaining contentions and have found them to be without merit. The judgment of the district court is AFFIRMED.