[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 2, 2006
THOMAS K. KAHN
CLERK

No. 05-15537
Non-Argument Calendar

_____

D. C. Docket No. 00-00255-CR-6-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEMARCO STATHAM,
a.k.a. Hebrew McDonald,
a.k.a. Calvin Baker,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(May 2, 2006)**

Before BLACK, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Demarco Statham appeals the revocation of his supervised release and imposition of a term of imprisonment. His supervised release was initially imposed after he pled guilty to conspiracy to counterfeit securities, in violation of 18 U.S.C. § 371. Statham asserts the district court denied him the right to confront and cross-examine his accuser by allowing the Government to rely on hearsay evidence at the revocation hearing.

The applicability of evidentiary rules in supervised release revocation proceedings is a question of law subject to de novo review. *United States v. Frazier*, 26 F.3d 110, 112 (11th Cir. 1994). We have held although the Federal Rules of Evidence do not apply in supervised release revocation proceedings, defendants are entitled to certain minimal due process requirements, including the right to confront and cross-examine adverse witnesses. *Id.* at 114. In deciding whether to admit hearsay testimony, "the court must balance the defendant's right to confront adverse witnesses against the grounds asserted by the government for denying confrontation." *Id.* This includes making a finding the hearsay testimony was reliable and weighing the defendant's right of confrontation against the government's reasons for not producing the witness. *Id.* The district court's failure to make such findings, although erroneous, is subject to harmless error review. *Id.*

Here, the district court did not conduct the required balancing test, finding only that the hearsay statements of Penny Brown had a high level of reliability. While the court erred by not expressly balancing Statham's right to cross-examine against the Government's reasons for failing to produce Brown, any error was harmless "because the properly considered evidence overwhelmingly demonstrated that [the defendant] breached the terms of his supervised release." *Id*.

Aside from the identification made by Brown, as testified to by Detective Norton, there was other, non-hearsay testimony. An internal investigator from Suntrust Bank testified Brown had, for a non-legitimate business purpose, accessed and copied around 6,000 checks, and her personal employee number could be traced to the illegal computer access. After police arrested Statham, they did a search of the car, where they found the identifications of several other people in the trunk, receipts with other people's names, and information stolen from Suntrust, confirmed by the batches of checks taken by Brown. Further, Howard, an investigator, testified the information from the images taken by Brown would be sufficient to counterfeit checks, and he spoke with customers and merchants to verify their accounts had been compromised. There was also evidence the gift card Statham used to pay his bondsman was purchased fraudulently. Finally, Williams identified a driver's license, with the name of Barbara Walker, that had been left at

3

a store, as one she had used and explained that she, per Statham's instructions, would run out and leave the false identifications and checks behind if the store took them into the back. There was also Statham's own admission, after he was arrested, that he had bought stolen checks from Brown. All of this evidence supports the testimony Detective Norton gave regarding Brown's implication of Statham. Any error the district court may have committed in this case by admitting the contested hearsay evidence was harmless, since the uncontested evidence was sufficient to establish that Statham violated the conditions of his supervised release.[1]

AFFIRMED.

---

[1] In *Crawford v. Washington*, 124 S. Ct. 1354, 1374 (2004), the Supreme Court held prior testimonial statements may be admitted only if the declarant is unavailable, and the defendant had an earlier opportunity to cross-examine the declarant. We have not addressed the issue of whether the Supreme Court's holding in *Crawford* applies to supervised release revocation hearings, but other circuits have held *Crawford* inapplicable to probation or supervised release revocation hearings. *See United States v. Rondeau*, 430 F.3d 44, 47-48 (1st Cir. 2005); *United States v. Hall*, 419 F.3d 980, 985 (9th Cir. 2005); *United States v. Kirby*, 418 F.3d 621, 627-28 (6th Cir. 2005); *United States v. Aspinall*, 389 F.3d 332, 342-43 (2d Cir. 2004), *abrogation on other grounds recognized*, *United States v. Fleming*, 397 F.3d 95, 99 n.5 (2d Cir. 2005); *United States v. Martin*, 382 F.3d 840, 844 n.4 (8th Cir. 2004). We do not address Statham's argument the Supreme Court's holding in *Crawford* should be applied to revocation hearings because any error the district court may have committed in this case by admitting the contested hearsay evidence was harmless.