**UNITED STATES of America,
Appellee,**

v.

**Jose RIVERA, Defendant–Appellant.**

**No. 05–6419.**

United States Court of Appeals,
Second Circuit.

Sept. 20, 2006.

B. Alan Seidler, New York, NY, for Appellant.

William C. Komaroff, Assistant United States Attorney, New York, N.Y. (for Michael J. Garcia, United States Attorney for the Southern District of New York; Katherine Polk Failla, Assistant United States Attorney, of counsel), for Appellee.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROGER J. MINER and Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Jose Rivera ("Rivera") appeals from a judgment of conviction entered on November 10, 2005, in the United States District Court for the Southern District of New York (John F. Keenan, Judge) after a remand pursuant to *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) and *United States v. Crosby*, 397 F.3d 103 (2d Cir. 2005). We assume that the parties are familiar with the facts, procedural history, and scope of the issues presented on appeal.

After the Supreme Court's decision in *Booker*, we review sentencing decisions for unreasonableness, either procedural (as when a district court, in choosing a sentence, does not adequately consider the relevant sentencing factors) or substantive (as when the sentence itself is unreasonable). This standard of review is necessarily "deferential," *United States v. Canova*, 412 F.3d 331, 350 (2d Cir.2005), because " 'reasonableness' is inherently a concept of flexible meaning, generally lacking precise boundaries," *Crosby*, 397 F.3d at 115. Moreover, we have noted that "[a]lthough the brevity or length of a sentence can exceed the bounds of 'reasonableness,' we anticipate encountering such circumstances infrequently." *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir.2005).

Rivera pleaded guilty to conspiracy to possess with the intent to distribute one kilogram and more of heroin and possession with intent to distribute 760 grams of heroin, and was sentenced to 72 months. The Guidelines-recommended range for his conviction is 70 to 87 months. On appeal, Rivera does not argue that his sentence is procedurally unreasonable. Instead, he argues that the *length* of his sentence is unreasonable because: (1) he is a first-time offender; (2) his wife is unemployed and they have three young children; and (3) he is a non-citizen who will almost certainly be removed to the Dominican Republic after serving his sentence.

Given the discretion afforded district judges, the deferential standard of our review, the seriousness of Rivera's offense, and the fact that Rivera's lack of criminal record allowed him to escape a mandatory minimum sentence of 120 months, we cannot say that a sentence of 72 months is inherently unreasonable for someone in Rivera's circumstances. We therefore **AFFIRM** the District Court's sentence.