**UNITED STATES of America,**
**Appellee,**

v.

**Sebastian TAMAYO, Defendant–**
**Appellant.**

No. 05–1833–cr (L).

United States Court of Appeals,
Second Circuit.

July 18, 2007.

James Roth, Hurwitz Stampur & Roth, New York, NY, for Defendant–Appellant Tamayo.

Boyd M. Johnson III, Kevin R. Puvalowski, Assistant United States Attorneys, Southern District of New York (Michael J. Garcia, United States Attorney, on the brief), New York, NY, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. JOSÉ CABRANES and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Sebastian Tamayo appeals from a judgment of conviction entered in the District Court pursuant to a guilty plea to conspiracy to launder narcotics proceeds in violation of 18 U.S.C. § 1956(a)(1)(B). Tamayo argues that his sentence of 60 months' imprisonment and two years' supervised release is *per se* unreasonable because the District Court erroneously applied an enhancement for "sophisticated laundering," as set forth in § 2S1.1(b)(3) of the United States Sentencing Guidelines ("Guidelines"). We assume the parties' familiarity with the facts and procedural history.

We do not reach the question of whether the Guidelines' "sophisticated laundering" enhancement was applied in error. Any error, if made, was harmless and did not render Tamayo's sentence *per se* unreasonable.

The District Court adopted the Government's recommendation of an advisory Guidelines range of 70–87 months' imprisonment, based in part on a two-level enhancement for "sophisticated laundering." The District Court then reviewed the factors outlined in 18 U.S.C. § 3553(a) and concluded that, although the Guidelines enhancement applied, Tamayo "really had only a courier-type of role" and that he "really didn't even know what the intricacies of this conspiracy were all about." Accordingly, the court sentenced Tamayo to a non-Guidelines sentence of 60 months' imprisonment. If the District Court had calculated the Guidelines range without the two-level "sophisticated laundering" enhancement, the Guidelines would have recommended a sentence of 57–71 months' imprisonment. We conclude that, no matter which proposed Guidelines range the District Court should have considered in its decision, the sentence of 60 months' imprisonment was reasonable.

We review the sentence for procedural and substantive reasonableness. *See United States v. Rattoballi*, 452 F.3d 127, 131–32 (2d Cir.2006). The 60 months sentence here was procedurally reasonable because the District Court did not believe itself mandated to apply the applicable Guidelines range, and because the court considered both what it believed to be the applicable Guidelines range and the factors outlined in 18 U.S.C. § 3553(a). *See United States v. Crosby*, 397 F.3d 103, 114–15 (2d Cir.2005). The sentence was substantively reasonable because it fell at the low-end of the Guidelines range that Tamayo argues is applicable, *see United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.2006) ("We recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances."), and because the District Court adequately explained the decision to sentence Tamayo below the Guidelines range it thought applicable, *see United States v. Fleming*, 397 F.3d 95, 100 (2d Cir.2005) (this Court considers a District Court's explanation of its decision to sentence a defendant to a non-Guidelines sentence when assessing reasonableness).

Accordingly, the judgment of the District Court in the case against Sebastian Tamayo is hereby **AFFIRMED**.