**UNITED STATES of America,
Appellee,**

v.

**Jamel ETHRIDGE, Defendant–
Appellant.**

No. 06–0940–cr.

United States Court of Appeals,
Second Circuit.

Oct. 2, 2007.

Colleen P. Cassidy, Federal Defenders of New York, Inc., New York, NY, for Appellant.

Licha M. Nyiendo, Assistant United States Attorney (Emily Berger, Assistant United States Attorney, of counsel), for Roslynn R. Mauskopf, United States Attorney, Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. REENA RAGGI, Circuit Judges, and Hon. JED S. RAKOFF, District Judge.[1]

## SUMMARY ORDER

Defendant Jamel Ethridge, who pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), appeals his judgment of conviction insofar as it sentences him to sixty-eight months' imprisonment. Ethridge submits that the sentence is unreasonable because it gives undue weight to his criminal history and runs afoul of the parsimony clause in 18 U.S.C. § 3553(a). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

In the aftermath of *United States v. Booker*, appellate review of sentences is limited to reasonableness. 543 U.S. 220, 264, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *accord Rita v. United States*, — U.S. —, 127 S.Ct. 2456, 2459, 168 L.Ed.2d 203 (2007). While this standard has both substantive and procedural components, it is best analogized to review for abuse of discretion in that an appellate panel does not substitute its judgment for that of the sentencing judge. *See United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir.2006); *United States v. Crosby*, 397 F.3d 103, 114–15 (2d Cir.2005).

In this case, Ethridge alleges no procedural sentencing error. Instead, he faults the district court for declining to mitigate the "hypertechnical harshness" of the Guidelines' point system or to override the Guidelines' emphasis on criminal history by giving greater weight to § 3553(a) factors favorable to him, notably, positive family relationships. Ethridge's argument is largely foreclosed by our decision in *Fernandez*, which held that the "weight" to be accorded § 3553(a) factors is "a matter firmly committed to the discretion of the sentencing judge and is beyond [appellate] review, as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." *United States v. Fernandez*, 443 F.3d at 32.

In this case, we conclude that the challenged sentence is reasonable in light of the totality of circumstances. Ethridge was arrested in this case in possession of a loaded Ruger .40 semi-automatic handgun—with one round in its chamber. The arrest occurred less than two years after Ethridge was paroled on a New York state conviction for attempted murder, during which crime he fired gunshots directly into the automobile of his intended victim. That murder attempt was itself committed while Ethridge was on probation for selling cocaine. Under these circumstances, we can hardly conclude that a sentence within the Guidelines range exceeds the bounds of reasonableness. *See United States v. Fleming*, 397 F.3d 95, 100 (2d Cir.2005) (observing that length of sentence can exceed bounds of reasonableness, but "we anticipate encountering such circumstances infrequently").

Ethridge's invocation of the parsimony clause warrants no different conclusion. As the Supreme Court observed in *Rita*, "where [the sentencing] judge and [the Sentencing] Commission *both* determine" that a sentence within the Guidelines range is appropriate for the case at hand, "that sentence likely reflects the § 3553(a) factors (including its 'not greater than necessary' requirement)." *Rita v. United States*, 127 S.Ct. at 2467.

Accordingly, the judgment of conviction is AFFIRMED.