**UNITED STATES of America,**
**Appellee,**

v.

**Derek FLOYD, Defendant–Appellant.**

No. 06–0557–cr.

United States Court of Appeals,
Second Circuit.

Oct. 9, 2007.

Joseph J. Karaszewski, Assistant United States Attorney (Terrance P. Flynn, United States Attorney for the Western District of New York, on the brief), Buffalo, NY, for Appellee.

James J. Rizzo, Law Office of James J. Rizzo, Rochester, NY, for Defendant–Appellant.

PRESENT: Hon. JON O. NEWMAN, Hon. SONIA SOTOMAYOR, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Derek Floyd appeals from a February 2, 2006 judgment of the United States District Court for the Western District of New York (Larimer, J.) revoking his supervised release and sentencing him to a twenty-four-month term of imprisonment followed by a two-year term of supervised release after finding, by a preponderance of the evidence, that he had committed two violations of the terms of his supervised release: 1) committing the crimes of petty larceny or theft of the United States mail and aggravated unlicensed operation of a motor vehicle; and 2) failing to secure employment. We assume the parties' familiarity with the underlying facts and procedural history of the case.

Floyd contends that the district court abused its discretion, *see United States v. Williams*, 443 F.3d 35, 46 (2d Cir.2006), by permitting a police officer to read into the record a hearsay statement of the complaining witness without first finding good cause to deny Floyd the opportunity to confront the witness against him. Federal Rule of Criminal Procedure 32.1(b)(2)(C) provides that a person charged with violating the conditions of supervised release is entitled to "question any adverse witness unless the court determines that the interest of justice does

not require the witness to appear." "This requirement reflects the principle stated in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), that the 'minimum requirements of due process' in a parole revocation hearing include the right of the defendant to 'confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation).'" *Williams,* 443 F.3d at 45 (quoting *Morrissey,* 408 U.S. at 489, 92 S.Ct. 2593); *see also Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973) (extending *Morrissey* to probation revocation hearings); *United States v. Jones,* 299 F.3d 103, 109 (2d Cir.2002) (holding that the constitutional guarantees are identical for the revocation of parole, probation, and supervised release). The government concedes that it never offered a reason for failing to produce the adverse witness and that the district court never determined that the interest of justice did not require the witness to appear. Further, the government has never asserted that the challenged statement falls within any established exception to the hearsay rule. *See Jones,* 299 F.3d at 114. Consequently, the district court abused its discretion by failing to comply with the interest-of-justice determination requirement of Rule 32.1(b)(2)(C).

Nevertheless, we conclude that the court's error was harmless. *See United States v. Aspinall,* 389 F.3d 332, 346 (2d Cir.2004) ("[A] district court's failure to comply with the interest-of-justice-determination requirement of Rule 32.1(b)(2)(C) ... is subject to harmless-error analysis."), *abrogated on other grounds by United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), *as recognized in United States v. Fleming,* 397 F.3d 95, 99 & n. 5 (2d Cir.2005). Without the challenged statement, the record still contains ample evidence to support the court's finding of Floyd's guilt based on a preponderance of the evidence. *See Johnson v. United States,* 529 U.S. 694, 700, 120 S.Ct. 1795, 146 L.Ed.2d 727 (2000). Among other evidence, the arresting police officer testified that the complaining witness told him that he saw two black males at 340 South Goodman Street; that one of the males went through the mailbox at that address and placed an envelope in his jacket while the other acted as a lookout; and that the two males drove away in an older model gray van on Monroe Avenue. The officer then testified that he found a van matching the description at an intersection of Monroe Avenue a few minutes later; that he followed the van until it stopped at a nursing home; that when he approached the van, he found Floyd in the driver's seat; and that an envelope addressed to 340 South Goodman Street was found in the van on the passenger side floor. The defendant did not object to this testimony. We are convinced that removing the challenged statement would not affect the district court's finding of guilt based on a preponderance of evidence. As a result, we find the district court's error was harmless.

For the foregoing reasons, the judgment of the district court is AFFIRMED.