**UNITED STATES of America,
Appellee,**

v.

**Luis MALDONADO aka Lucho,
Defendant–Appellant.**

**No. 06–3352–cr.**

United States Court of Appeals,
Second Circuit.

Nov. 8, 2007.

Stephanie M. Carvlin, New York, NY, for Appellant.

Anna E. Arreola, Assistant United States Attorney (Katherine Polk Failla, of counsel, Michael J. Garcia, United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, ROBERT D. SACK and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Luis Maldonado appeals from a June 23, 2006 order of the District Court, reimposing the sentence originally imposed on him without change after we remanded his case pursuant to *United States v. Crosby*, 397 F.3d 103 (2d Cir.2005) (establishing procedures for review of a defendant's sentence in the aftermath of *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005)). *See United States v. Maldonado*, 108 Fed. Appx. 29 (2d Cir.2004). We assume the parties' familiarity with the facts and procedural history of this case.

On appeal, Maldonado claims that the District Court failed to follow the procedures set out in *United States v. Garcia*, 413 F.3d 201 (2d Cir.2005) (establishing procedures for *Crosby* review when the original sentencing judge is no longer available), when reviewing his sentence.[1] Specifically, Maldonado alleges that Judge Cote "failed to adequately consider aspects of the record that indicated that [Judge Martin] would have imposed a materially different sentence" had Judge Martin not felt bound by the United States Sentencing Guidelines.

When a district court declines to resentence a defendant after a *Crosby* remand proceeding, we review "the procedure whereby the District Court decided not to resentence" for reasonableness. *United States v. Williams*, 475 F.3d 468, 471 (2d Cir.2007). For the reasons given below, we decline to order a second *Crosby* remand.

In *Garcia*, we noted that "we do not expect a successor judge to ... determine

---

1. Maldonado was originally sentenced by the Honorable John S. Martin, Jr., United States District Judge for the Southern District of New York, who retired from the bench on September 30, 2003.

what sentence the original judge would have imposed on behalf of the court with a correct understanding of the law and a fully developed record." 413 F.3d at 228. "Rather, the successor judge should consider [the original sentencing judge's] observations together with all other relevant factors and then decide what sentence the successor judge would have imposed with the benefit of *Booker* and a fully developed record." *Id.* at 228 n. 19. We further noted in *Garcia* that "the necessary comparative assessment is most clearly made if the new judge states whether the sentence that judge would have imposed with the benefit of *Booker* is or is not the same as the challenged sentence." *Id.* at 229.

At Maldonado's original sentencing, Judge Martin noted that (1) Maldonado appeared to be a long-term dealer in medium quantities of drugs, rather than a high-level drug dealer and (2) his Criminal History Category overstated the seriousness of his criminal history. On that basis, Judge Martin reduced Maldonado's offense level by two points and granted Maldonado a horizontal departure from Criminal History Category III to Criminal History Category II. Judge Martin also ordered Maldonado's sentence to run concurrently with any sentence arising from Maldonado's recent state conviction.

Before holding the post-remand *Crosby* hearing, Judge Cote requested the parties to provide supplementary briefing on the question of whether the sentence imposed upon Maldonado "would have been materially different ... had the standards enunciated in [*Booker*] been in effect" at the time of his original sentencing. At the *Crosby* hearing, she noted that she had considered (1) "the parties' submissions and the facts of this case," (2) "the guidelines calculation," and (3) the structure of the sentence imposed by Judge Martin. Judge Cote then explained that "understanding my discretion and my duty to take into account all of these factors, I do not find it appropriate to impose a sentence, or that I would in my discretion impose a sentence different from what Judge Martin originally imposed."

Because the record indicates that Judge Cote considered all relevant factors before determining that she would have imposed substantially the same sentence that Judge Martin originally imposed, we cannot say that her decision not to resentence Maldonado was procedurally unreasonable. *Cf. United States v. Fernandez,* 443 F.3d 19, 29–30 (2d Cir.2006) (noting that "specific verbal formulations" are not necessary "to demonstrate the adequate discharge of the duty to consider matters relevant to sentencing" and explaining that "[a]s long as the judge is aware of [the requirements] that are arguably applicable, and nothing in the record indicates misunderstanding about such [matters] or misperception about their relevance, we will accept that the requisite consideration has occurred" (quoting *United States v. Fleming,* 397 F.3d 95, 100 (2d Cir.2005)) (internal quotation marks omitted)).

Having considered all of Maldonado's arguments on appeal and found them to be without merit, we hereby AFFIRM the judgment of the District Court.