**UNITED STATES of America,**
**Appellee,**

v.

**Daniel CHOI, Defendant–Appellant.**

**No. 06–2870–cr.**

United States Court of Appeals,
Second Circuit.

April 10, 2008.

Donna R. Newman, New York, NY, for appellant.

Jonathan R. Streeter, Assistant United States Attorney (Michael J. Garcia, United States Attorney, Jonathan S. Kolodner, Assistant United States Attorney, on the brief), United States Attorney's Office for the Southern District of New York, New York, NY, for Appellee.

PRESENT: JOSÉ A. CABRANES, SONIA SOTOMAYOR, RICHARD C. WESLEY, Circuit Judges.

**SUMMARY ORDER**

Defendant-appellant Daniel Choi ("defendant" or "Choi") appeals a judgment of conviction following his guilty plea of three counts of wire fraud. On appeal, he argues that the District Court erred in its imposition of his sentence by considering the loss amount twice, first in calculating the Sentencing Guideline range and then in using it as a basis for an upward departure. Defendant also contends that the Court erred in not accounting for his cooperation with the government and other mitigating factors pursuant to 18 U.S.C. § 3553(a). Defendant urges that the case be remanded to a different judge. The underlying facts and procedural history are a matter of record and we recount here only those aspects that are pertinent to the disposition of the case.

In 1999, Choi offered a group of individuals a chance to invest in various ventures in which he claimed he was involved, including the manufacture and distribution of home testing kits for Acquired Immune Deficiency Syndrome ("AIDS"). Although Choi had initially begun a venture to manufacture AIDS testing kits in 1998, he ultimately failed in that effort, but continued to solicit investors by making material misrepresentations regarding the product. Choi pleaded guilty to wire fraud in connection with a $10 million fraud, and the Government presented evidence that the scheme involved more than ten victims. At sentencing, the District Court heard from some of the victims, and defense counsel who argued that the Court should mitigate the sentence on the basis of several factors, including defendant's alleged gambling addiction, his voluntary confession to both his victims and law enforcement, and his cooperation with the Government.

Defendant argues that the District Court imposed an unreasonable sentence. We review criminal sentences for reasonableness; "the standard is akin to review for abuse of discretion." *United States v. Fernandez,* 443 F.3d 19, 27 (2d Cir.2006).

This is a deferential standard of review. *See Gall v. United States,* 552 U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007) ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."); *see also United States v. Fleming,* 397 F.3d 95, 100 (2d Cir.2005) ("The appellate function in this context should exhibit restraint, not micromanagement.").

In particular, defendant argues the Court erred in double counting the loss amount, but this assertion is not supported by the record. Next, defendant argues that the Court erred in not considering the mitigation circumstances he identified. We find no error here. The District Court heard defense counsel's arguments and considered them in light of the 3553(a) factors. "[T]he requirement that a sentencing judge consider an 18 U.S.C. § 3553(a) factor is *not* synonymous with a requirement that the factor be given determinative or dispositive weight in the particular case." *Fernandez,* 443 F.3d at 32. In any event, an asserted "gambling addiction is not a reason for a downward departure." U.S.S.G. § 5H1.4.

We find conclude that the sentence imposed by the District Court is reasonable, and therefore do not reach the question of whether to assign the case to another judge.

## CONCLUSION

For the reasons stated above, the judgment of the District Court is **AFFIRMED.**