**UNITED STATES of America,**
**Appellee,**

v.

**Daniel Lee FLEMING, Defendant–**
**Appellant.**

**No. 04–1817–CR.**

United States Court of Appeals,
Second Circuit.

Argued: Jan. 14, 2005.

Decided: Feb. 2, 2005.

Darrell B. Fields, Legal Aid Society, Fed. Defender Div., Appeals Bureau, New York, N.Y., for Defendant–Appellant.

Michael J. Ramos, Asst. U.S. Atty., Brooklyn, N.Y. (Roslynn R. Mauskopf, U.S. Atty., Cecil C. Scott, Asst. U.S. Atty., Brooklyn, N.Y., on the brief), for Appellee.

Before: NEWMAN, KEARSE, and CABRANES, Circuit Judges.

JON O. NEWMAN, Circuit Judge.

This sentencing appeal challenges a two-year term of imprisonment imposed for violation of supervised release. The sentence was imposed before the decision of the Supreme Court in *United States v. Booker*, —— U.S. ——, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) (*"Booker/Fanfan "*). The appeal presents the issues of whether the District Court erred in its consideration of relevant sentencing criteria or in determining the length of the prison term. Defendant–Appellant Daniel Lee Fleming appeals from the March 29, 2004, judgment of the District Court for the Eastern District of New York (Nina Gershon, District Judge). We conclude that there was no error, that the sentence is not unreasonable, and that there is no need to remand for consideration of whether to resentence. We therefore affirm.

### Background

This case involves the Appellant's third violation of conditions of supervised release. After conviction and imprisonment for sexually abusing a child, in violation of 18 U.S.C. § 2244(a)(2), he violated a one-

year term of supervised release. His first violation, primarily for failing to participate in required drug and sexual offender counseling, resulted in extension of supervised release for one year. His second violation, also primarily for not attending counseling, resulted in a sentence of nine months' imprisonment.

The current violation concerns a three-year term of supervised release that followed a 30–month sentence for conspiracy to assault a prisoner, in violation of 18 U.S.C. §§ 113(a)(3), (a)(6), 371, an assault that occurred during Fleming's imprisonment for the child abuse offense. Supervision of this term of supervised release was transferred from the Central District of California, where the assault conviction occurred, to the Eastern District of New York ("EDNY").

In March 2004, the EDNY Probation Department sought revocation of supervised release by filing two charges against Fleming. Charge One alleged use of narcotics. Fleming had tested positive 14 times for marijuana and twice for cocaine during the six and one-half month period from July 8, 2003, to January 23, 2004. Charge Two alleged failure to participate in a substance abuse drug treatment program. Fleming pled guilty to Charge One, acknowledging only his use of marijuana. The District Court imposed a sentence of two years' imprisonment.

The appeal was argued two days after *Booker/Fanfan*, and we requested and received supplemental papers.

## Discussion

*Applicable provisions.* The Supreme Court's recent decision in *Booker/Fanfan* applies to cases, like the Appellant's, that are pending on direct review. *See* —— U.S. at ——, 125 S.Ct. at 769. *Booker/Fanfan* consists of a Substantive Opinion and a Remedy Opinion. The Court in its Remedy Opinion excised and severed two provisions of the Sentencing Reform Act of 1984 ("SRA"), Pub.L. 98–473, Title II, §§ 211–238, 98 Stat.1987 (1984), subsection 3553(b)(1),[1] which made use of the Sentencing Guidelines mandatory, and section 3742(e), which specified standards for appellate review of sentences. *Booker/Fanfan*, —— U.S. at ——, 125 S.Ct. at 764. However, the Court made it clear that all the other provisions of the SRA remain in force. *Id.*

The SRA contains several provisions applicable to revocation of supervised release. Subsection 3583(g)(4) provides that supervised release must be revoked and some term of imprisonment imposed when a defendant, tests positive for a controlled substance three times within twelve months. Subsection 3583(e)(3) sets two years as the maximum term for violation of supervised release by a defendant whose underlying conviction is a Class C or D felony. Fleming's conviction for conspiracy to assault, carrying a maximum sentence of five years, *see* § 371, is a Class D felony, *see* § 3559(a)(4). Section 3583(e) requires a judge determining an appropriate sentence for violation of supervised release to "consider[ ]" most of the factors listed in section 3553(a).[2] Included among

---

1. All references in this opinion to provisions of the SRA will use the section numbers of Title 18.

2. Section 3553(a) provides, in pertinent part:
   (a) Factors to be considered in imposing sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
   (1) the nature and circumstances of the offense and the history and characteristics of the defendant;

the factors to be "considered" are the applicable policy statements issued by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(a)(3) concerning revocation of supervised release. *See* § 3553(a)(4)(B).[3]

The Sentencing Commission has issued policy statements concerning revocation of supervised release, *see* U.S.S.G. §§ 7B1.1–.5., which classify violations, *see id.* § 7B1.1(a), and recommend appropriate terms of imprisonment, *id.* § 7B1.4(a). A violation of supervised release that does not constitute a criminal offense is a Class C violation.[4] *See id.* § 7B1.1(a)(3). The recommended term for a Class C violation by a defendant like Fleming, who was placed in Criminal History Category III of

> (2) the *need for the sentence imposed*—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> (3) the kinds of sentences available;
> (4) *the kinds of sentence and the sentencing range established for*—
> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—
> (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
> (ii) *that, except as provided in section* 3742(g), *are in effect on the date the defendant is sentenced;* or
> (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
> (5) any pertinent policy statement—
> (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
> (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

Omitted from the list of factors in section 3553(a) that are cross-referenced by section 3583(e) are subsections (2)(A) and (3).

3. The Fifth Circuit has stated that a court sentencing after revocation of supervised release is required by subsection 3553(a)(5) to consider any relevant policy statement issued by the Commission. *See United States v. Headrick*, 963 F.2d 777, 782 (5th Cir.1992). However, subsection 3553(a)(5) requires consideration of policy statements authorized by 28 U.S.C. § 994(a)(2), and the only provision of this section relevant to supervised release is 18 U.S.C. § 994(a)(2)(B), which concerns the "conditions" of supervised release. Policy statements concerning "revocation" of supervised release are authorized by 28 U.S.C. § 994(a)(3), and it is subsection 3553(a)(4)(B) that requires consideration of these policy statements.

4. It should be noted that the Commission's policy statements concerning supervised release classify the violation of supervised release, whereas section 3583(e)(3) sets maximum punishments according to the classification of the defendant's underlying offense.

the Guidelines with respect to the underlying offense for which supervised release was imposed, is 5–11 months. *See id.* § 7B1.4(a).

■ Prior to *Booker/Fanfan*, section 3742(e) had prescribed standards for review of sentences, but the Court's Remedy Opinion severed and excised this provision and replaced it with the standard of "reasonableness."[5] *Booker/Fanfan*, — U.S. at — – —, 125 S.Ct. at 765–66. We recognize that subsections 3742(a)(4) and 3742(b)(4), which have not been excised, allow a defendant and the Government, respectively, to appeal a sentence for which there is no sentencing guideline on the ground that the sentence is "plainly unreasonable." However, once the Court in its Remedy Opinion excised section 3742(e), which included subsection 3742(e)(4)'s standard of "plainly unreasonable" for review of a sentence for which there is no guideline, the Court is fairly understood as requiring that its announced standard of reasonableness now be applied not only to review of sentences for which there are guidelines but also to review of sentences for which there are no applicable guidelines. Thus, we will review the District Court's sentence for reasonableness.

*The Appellant's contentions.* The Appellant challenges the District Court's sentence on the grounds that the Court gave inadequate consideration to the 5–11 month range recommended in the Com-

mission's policy statement and that the two-year sentence is unreasonable. We consider these claims separately.

■ *Consideration of recommended range.* We have previously encountered the requirement of section 3583(e) that imposes on judges determining a sentence for revocation of supervised release the duty to "consider" most of the factors listed in section 3553(a), particularly the Commission's relevant policy statements, as specifically required by subsection 3553(a)(4)(B). *See United States v. Pelensky,* 129 F.3d 63, 69–70 (2d Cir.1997); *United States v. Sweeney,* 90 F.3d 55, 57–58 (2d Cir.1996); *United States v. Anderson,* 15 F.3d 278, 281–84 (2d Cir. 1994). Although these decisions do not rule definitively on the meaning of "consider" in subsection 3583(e), they take a deferential approach and refrain from imposing any rigorous requirement of specific articulation by the sentencing judge.[6] In this respect, our approach has been similar to that taken in applying subsection 3663(a)(1)(B), which requires a judge ordering restitution as part of a sentence to "consider" the loss sustained and the defendant's financial circumstances. *See United States v. Ben Zvi,* 242 F.3d 89, 99–100 (2d Cir.2001); *United States v. Harris,* 79 F.3d 223, 232–33 (2d Cir.1996).

In the pending case, the record makes clear that Judge Gershon was well aware of the 5–11 month range recommended in

---

**5.** Prior to *Booker/Fanfan*, we had reviewed sentences imposed for violation of supervised release to determine if they were "plainly unreasonable," *see United States v. Aspinall,* 389 F.3d 332, 349–50 (2d Cir.2004); *United States v. Sweeney,* 90 F.3d 55, 57 (2d Cir. 1996), the standard then applicable to review of sentences imposed in the absence of an applicable guideline, pursuant to the now-excised subsection 3742(e)(4).

**6.** The Fourth Circuit has forcefully rejected a claim that policy statements concerning revocation of supervised release were not "considered," as required by section 3583(e): "A court need not engage in ritualistic incantation in order to establish its consideration of a legal issue. It is sufficient if, as in the case at bar, the district court rules on issues that have been fully presented for determination. Consideration is implicit in the court's ultimate ruling." *United States v. Davis,* 53 F.3d 638, 642 (4th Cir.1995) (footnote omitted).

the Commission's policy statement and explicitly decided that a longer term was warranted. The Appellant contends that this consideration was inadequate, urging one dictionary's definition of "consider": "to reflect on: think about with a degree of care or caution." Brief for Appellant at 19 (citing *Webster's Third New International Dictionary of the English Language* (1986)).

▮ We appreciate that lexicographers, contemplating various contexts in which the word "consider" is used, might infuse the word with a meaning that implies a measure of sustained reflection. But our context is that of experienced district judges, familiar with both the substantive content of relevant law and procedural requirements, who face the daunting task of administering heavy caseloads. In this context, we continue to believe that no specific verbal formulations should be prescribed to demonstrate the adequate discharge of the duty to "consider" matters relevant to sentencing. As long as the judge is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance, we will accept that the requisite consideration has occurred. *Cf. United States v. Silleg*, 311 F.3d 557, 561 (2d Cir.2002) (judge presumed to be aware of departure authority in the absence of record evidence to the contrary or a novel issue unlikely to have been fully appreciated); *United States v. Brown*, 98 F.3d 690, 692–94 (2d Cir.1996) (same); *United States v. Rivers*, 50 F.3d 1126, 1131–32 (2d Cir.1995) (same). Judge Gershon's consideration of the recommended sentencing range was sufficient.

▮ *Reasonableness of the sentence.* The Appellant challenges the two-year sentence as unreasonable, contending that the statutory maximum was excessive for conduct that essentially involved only use of marijuana. As we have today noted, "reasonableness" in the context of review of sentences is a flexible concept. *See United States v. Crosby*, 397 F.3d 103, 115 (2d Cir.2005). The appellate function in this context should exhibit restraint, not micromanagement. In addition to their familiarity with the record, including the presentence report, district judges have discussed sentencing with a probation officer and gained an impression of a defendant from the entirety of the proceedings, including the defendant's opportunity for sentencing allocution. The appellate court proceeds only with the record. Although the brevity or length of a sentence can exceed the bounds of "reasonableness," we anticipate encountering such circumstances infrequently.

▮ In the pending case, the District Court sentenced a defendant who had served three sentences of imprisonment and was appearing for his third violation of a term of supervised release. Judge Gershon considered the current violations "massive." She noted that the Defendant had been given the benefit of a substantial departure for his cooperation in connection with his sentence on the prisoner assault charge. *See* U.S.S.G. § 7B1.4, comment. (n.4) ("Where the original sentence was the result of a downward departure (*e.g.*, as a reward for substantial assistance), . . . an upward departure may be warranted."). She identified as the "primary purpose" of her sentence "the necessity for both punishment for [Fleming's] behavior and deterrence." The District Court's explanation was sufficient to facilitate appellate review. *See Pelensky*, 129 F.3d at 70 (sentence imposed was reasonable in light of judge's explanation); *Anderson*, 15 F.3d at 284 (same). Under all the circumstances,

we cannot say that the two-year sentence was unreasonable.

We observed today in *Crosby* that in many cases it will not be possible to tell whether the district judge would have given a nontrivially different sentence if fully informed of the currently applicable requirements of the SRA, the Supreme Court's decision in *Booker/Fanfan,* and our preliminary guidance in *Crosby.* *See* 397 F.3d at 115. However, the pending appeal is readily distinguishable from a case like *Crosby,* where we remanded to afford the District Court an opportunity to consider whether to resentence. Here the sentencing judge, functioning under a sentencing regime that, even before *Booker/Fanfan,* was advisory with respect to revocation of supervised release, knew that she was not bound by the policy statements and chose to exercise her discretion. In any case, the two-year sentence was well considered and would obviously be retained if an opportunity for reconsideration were afforded. Nothing additional has been suggested that now needs to be brought to the District Court's attention under prevailing law.

## Conclusion

The judgment of the District Court is affirmed.