**UNITED STATES of America,**
**Appellee,**

v.

**Eduardo EMENCE, Defendant–Appellant.**

No. 05–1708–CR.

United States Court of Appeals, Second Circuit.

Jan. 25, 2006.

Iris Lan (Harry Sandick) for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, N.Y., for Appellee, of counsel.

David A. Lewis, Legal Aid Society, New York, N.Y., for Defendant–Appellant.

Present: Hon. ROBERT A. KATZMANN, Hon. PETER W. HALL Circuit Judges and Hon. EDWARD R. KORMAN, District Judge.*

## SUMMARY ORDER

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 25th day of January, two thousand six.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED.

We assume the parties' familiarity with the facts and procedural history of this case. Defendant–Appellant Eduardo Emence ("Appellant") pleaded guilty to illegally reentering the United States after being deported, in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(2). Appellant now appeals the decision of the district court to sentence him to a 77–month term of incarceration. Appellant argues that this sentence was unreasonable because defendants who have committed "more serious" crimes often receive less severe sentences, and because the district court failed to consider the sentencing disparities created by the availability of fast-track sentencing

---

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.

in other jurisdictions. We find no merit in either contention.

We review a district court's sentencing decisions for unreasonableness. *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 765–66, 160 L.Ed.2d 621 (2005); *United States v. Crosby*, 397 F.3d 103, 114–115 (2d Cir.2005). This standard of review is "deferential . . . focus[ing] primarily on the sentencing court's compliance with its statutory obligation to consider the factors detailed in 18 U.S.C. § 3553(a)." *United States v. Canova*, 412 F.3d 331, 350 (2d Cir.2005). This deference is necessary because " 'reasonableness' is inherently a concept of flexible meaning, generally lacking precise boundaries." *Crosby*, 397 F.3d at 115. Moreover, we have noted that "[a]lthough the brevity or length of a sentence can exceed the bounds of 'reasonableness,' we anticipate encountering such circumstances infrequently." *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir.2005).

We find no error in the sentencing proceeding below. Appellant does not contend that the district court erred in calculating the applicable Guideline range of 77 to 96 months. Upon arriving at this sentencing recommendation, the district court addressed each of the remaining factors listed in 18 U.S.C. § 3553(a), including Appellant's dual contentions concerning the alleged undue harshness of this recommendation, and concluded, noting Appellant's "persistently violent criminal conduct," that a sentence at the low end of the guideline range was appropriate for him. On this record, we find no fault in the district court's reasoning. Accordingly, the judgment of the district court is hereby AFFIRMED.