UNITED STATES of America,
Appellee,

v.

Bernie COLLINS, Defendant,

Donovan Roper, a/k/a D, a/k/a Donovan Pickergills, Defendant–Appellant.

No. 05–0740–CR.

United States Court of Appeals,
Second Circuit.

Jan. 31, 2006.

Marshall A. Mintz, Law Offices of Harry C. Batchelder, Jr. (Harry C. Batchelder,

Jr., on the brief), New York, New York, for Defendant–Appellant.

Alyssa Qualls, Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Emily Berger and Colleen Kavanagh, Assistant United States Attorneys, on the brief), Brooklyn, New York, for Appellee.

PRESENT: Hon. JOHN M. WALKER, JR., Chief Judge, Hon. JON O. NEWMAN, and Hon. ROBERT A. KATZMANN, Circuit Judges.

## SUMMARY ORDER

Defendant-appellant Donovan Roper appeals the February 11, 2005, judgment of the United States District Court of the Eastern District of New York (Edward R. Korman, *Chief Judge*), imposing a sentence of 151 months' imprisonment, five years' supervised release, and a special assessment of $700. Defendant was convicted after a jury trial on charges of conspiracy to distribute 500 grams or more of cocaine, two counts of importation of 500 grams or more of cocaine, two counts of possession with intent to distribute 500 grams or more of cocaine, attempt to import 500 or more grams of cocaine, and attempt to possess with intent to distribute 500 or more grams of cocaine. Defendant's contentions on appeal are that his sentence was "unreasonable" under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because the district court failed to consider the factors listed in 18 U.S.C. § 3553(a), and that his sentence was a violation of the Ex Post Facto Clause.

The district court held its initial sentencing hearing on October 8, 2004, before the Supreme Court's decision in *Booker*. At that time, Roper requested that sentencing be delayed pending the Supreme Court's decision, and the district court agreed. The hearing resumed on January 14, 2005, two days after the *Booker* decision, the impact of which was argued by counsel.

Defendant argues that his sentence violates *Booker* because the district judge did not consider the other factors listed in 18 U.S.C. § 3553(a). We disagree. The district court was in the difficult position of having to apply *Booker* without guidance from this court. Nevertheless, we see no error in the judge's decision. In imposing his sentence, the judge reviewed defendant's criminal history and nature of the offense. He also had submissions from counsel concerning the seriousness of the offense, defendant's personal history and age, and the fact defendant would likely be unable to return to the United States. The district court need not recite any "specific verbal formulations" so long as it is aware of the relevant factors to be considered and has made the correct Guidelines calculation. *See United States v. Fleming*, 397 F.3d 95, 100 (2d Cir.2005). Defendant does not challenge the correctness of the Guidelines range the district court found, and we believe the district court adequately considered all § 3553(a) factors. Therefore, defendant's sentence is reasonable and is affirmed.

Defendant also apparently contends that his sentence somehow violates the Due Process Clause of the Fifth Amendment in that he received a sentence greater than that to which he was subject before *Booker* under the former Guidelines regime. This argument is without merit and has been rejected by this circuit. *See United States v. Vaughn*, 430 F.3d 518, 524–25 (2d Cir. 2005). Defendant is simply incorrect that he faced a maximum of 121 months' imprisonment before *Booker* and more thereafter. *See* 21 U.S.C. § 841. His sentence therefore was completely proper.

For the reasons set forth above, the judgment of the District Court for the Eastern District of New York is hereby AFFIRMED.