**UNITED STATES of America,**
**Appellee,**

v.

**Kareem A. FORD, Defendant–**
**Appellant.**

**No. 05–6668–cr.**

United States Court of Appeals,
Second Circuit.

May 9, 2007.

David A. Katz, Katz & Associates, Beverly Hills, CA, for Appellant.

Amy Busa, Assistant United States Attorney (United States Attorney Roslynn R. Mauskopf, and Assistant United States Attorney Susan Corkery, of counsel), United States Attorney's Office for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. ROBERT D. SACK, Circuit Judges, and Hon. DONALD C. POGUE,* Judge.

**SUMMARY ORDER**

Defendant-appellant Kareem A. Ford appeals from a judgment of the United States District Court for the Eastern District of New York (I. Leo Glasser, *Judge*) convicting him, after a plea of guilty, of one count of possession, with intent to defraud, of 15 or more unauthorized access devices, specifically, credit card numbers, in violation of 18 U.S.C. § 1029(a)(3). *See United States v. Ford*, No. 04 Cr. 00146 (E.D.N.Y. Apr. 15, 2005). The district court sentenced the defendant to a term of 36 months' imprisonment.

We assume the parties' familiarity with the underlying facts and procedural history of the case.

On appeal, the defendant does not contest the accuracy of the Guidelines calculation of his sentence. Rather, he argues that the district court erred in failing to

---

* The Honorable Donald C. Pogue, of the United States Court of International Trade, sitting by designation.

mention the Section 3553(a) factors, *see* 18 U.S.C. § 3553(a), and that his sentence is unreasonable because the Sentencing Guidelines' calculation overstated his criminal history and the value of the intended loss from his crime.

We conclude that the district court was not in error inasmuch as it sufficiently considered the Section 3553(a) factors; it need not list them in a "robotic incantation." *See United States v. Fernandez,* 443 F.3d 19, 30 (2d Cir.2006) (citation and internal quotation marks omitted). In imposing the Guidelines sentence, the court also sufficiently considered, *inter alia,* the "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); (2) "the need for the sentence imposed ... to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," *id.* § 3553(a)(2)(A); and (3) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," *id.* § 3553(a)(6). The sentence reflected these considerations, and defendant points to nothing in the record that constitutes a basis for concluding the sentence to be unreasonable. *See United States v. Fleming,* 397 F.3d 95, 100 (2d Cir.2005) ("As long as the judge is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance, we will accept that the requisite consideration has occurred.").

For the foregoing reasons, the judgment of the District court is hereby AFFIRMED.