UNITED STATES of America,
Appellee,

v.

Victor TSEKHANOVICH,
Defendant–Appellant.

No. 05–4809–cr.

United States Court of Appeals,
Second Circuit.

Oct. 24, 2007.

Anjan Sahni, Special Assistant United States Attorney (Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Alexander H. Southwell, Special Assistant United States Attorney, Celeste L. Koeleveld, Special Assistant United States Attorney, of counsel), Brooklyn, NY, for Appellee.

Paul S. Brenner, New York, NY, for Defendant–Appellant.

PRESENT: Hon. ROGER J. MINER, Hon. JOSÉ A. CABRANES, and Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Defendant Victor Tsekhanovich appeals from a judgment of conviction and sen-

tence entered in the United States District Court for the Eastern District of New York (Carol Bagley Amon, *Judge*), the defendant having been convicted of health care fraud conspiracy in violation of 18 U.S.C. §§ 371, 1035, 1347, and sentenced to a term of 57 months. This appeal requires us to determine whether the District Court erred in admitting into evidence Tsekhanovich's prior health care fraud conviction and whether the sentence imposed on Tsekhanovich was both procedurally and substantively reasonable.[1] Because we conclude that the District Court did not err in either respect, we affirm the judgment of the District Court.

Regarding Tsekhanovich's challenge to the admission into evidence of his prior conviction,[2] Federal Rule of Evidence 404(b) provides that evidence of other crimes may be admitted "as proof of . . . intent, . . . knowledge, . . . or absence of mistake or accident." We review so-called "404(b) evidence under an inclusionary approach and allow[ ] evidence for any purpose other than to show a defendant's criminal propensity." *United States v. Lombardozzi*, 491 F.3d 61, 78 (2d Cir.2007) (internal quotation marks omitted). "To determine if the court properly admitted prior act evidence pursuant to Rule 404(b), we consider whether: (1) the prior act evidence was offered for a proper purpose; (2) the evidence was relevant to a disputed issue; (3) the probative value of the prior act evidence substantially outweighed the danger of its unfair prejudice; and (4) the court administered an appropriate limiting instruction." *Id.* "A district court's decision to admit evidence of prior bad acts is reviewed for abuse of discretion, which we

will find only if the judge acted in an arbitrary and irrational manner." *Id.* at 78–79.

In challenging the admission into evidence of his prior conviction, Tsekhanovich contends that the prejudicial effect of the evidence outweighed its probative value, it was not offered for a proper purpose, and it was irrelevant. However, evidence of prior crimes—especially crimes nearly identical to those presently charged—may be offered for the proper purpose of proving the defendant's knowledge or absence of mistake. *See, e.g., United States v. Gordon*, 987 F.2d 902, 908–09 (2d Cir.1993) ("Evidence that the defendant had a prior conviction for nearly identical counterfeiting activity was admissible to rebut his claim that he had not known that he received counterfeit money."); *United States v. Mills*, 895 F.2d 897, 907 (2d Cir.1990), *cert. denied*, 495 U.S. 951, 110 S.Ct. 2216, 109 L.Ed.2d 541 (1990) ("Under Rule 404(b), relevant evidence of other crimes, wrongs, or acts may be admitted at trial to show that a defendant who claims that his conduct had an innocent explanation had the intent to commit the offense." (internal quotation marks omitted)). Moreover, the defendant's knowledge and the absence of mistake are highly relevant to the defendant's intent, which is an element of any fraud. While there is undeniably some prejudicial effect to the admission of evidence of any defendant's prior crimes, the District Court did not exceed its allowed discretion here in concluding that the probative value of Tsekhanovich's prior health care fraud conviction was not substantially outweighed by any such effect.

---

1. We address the other issues Tsekhanovich raises on appeal in a separate, published *per curiam* opinion, filed today.

2. During the pre-trial conference, defense counsel stated that he would not object to

evidence of Tsekhanovich's prior conviction and sought a limiting instruction. Accordingly, the District Court instructed the jury as to the limited purposes of that evidence.

The District Court also did not impose a procedurally or substantively unreasonable sentence. Tsekhanovich argues that the District Court "failed to give proper consideration to all of the relevant factors enunciated in 18 U.S.C. § 3553(a)" and "failed to provide a sufficient statement of reasons to enable this Court to review the reasonableness of the sentence imposed." Although we have instructed district courts to consider all of the factors in § 3553(a) in sentencing, we have not imposed any procedural requirement on district courts to explain explicitly how they are accounting for each and every factor provided therein. *See United States v. Fernandez,* 443 F.3d 19, 29 (2d Cir.2006) (rejecting any such "rigorous requirement of specific articulation") (quoting *United States v. Crosby,* 397 F.3d 103, 113 (2d Cir.2005)). Instead, a district court "demonstrate[s] the adequate discharge of the duty to 'consider' matters relevant to sentencing" if the court is "aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance." *United States v. Fleming,* 397 F.3d 95, 100 (2d Cir.2005). Tsekhanovich points to no such misunderstanding or misperception by the District Court here, and our review of the record reveals none. As such, the sentence imposed was procedurally reasonable. Similarly, our review of the record reveals no basis for concluding that the sentence was substantively unreasonable.

In sum, we have considered all arguments presented by Tsekhanovich in this appeal and find them to be without merit. For the foregoing reasons, we AFFIRM the judgment of the District Court.