**UNITED STATES of America,**
**Appellee,**

v.

**Gustavo RUEDA–ZARATE,**
**Defendant–Appellant.**

**No. 07–2033–cr.**

United States Court of Appeals,
Second Circuit.

Aug. 27, 2008.

Jessica A. Masella, Assistant United States Attorney, of Counsel (Jonathan S. Kolodner, Assistant United States Attorney, of Counsel, on the brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, Attorney for the United States of America, for Appellee.

Vivian Shevitz, South Salem, NY, for Appellant.

PRESENT: Hon. GUIDO CALABRESI, Hon. B.D. PARKER, Circuit Judges and Hon. RICHARD W. GOLDBERG,[1] C.I.T. Judge.

### SUMMARY ORDER

Defendant–Appellant Gustavo Rueda–Zarate appeals the judgment of the United States District Court for the Southern District of New York, sentencing him to 57 months' imprisonment, after he pled guilty to involvement in a conspiracy to distribute heroin. We assume the parties' familiarity with the facts of the case, its procedural history, and the scope of the issues on appeal.

### I. Sentence

Defendant argues that the 57–month sentence was procedurally unreasonable because the district court treated the Sentencing Guidelines as binding or at least presumptively reasonable and did not adequately consider the sentencing factors in 18 U.S.C. § 3553(a). We review the sentence for reasonableness, *United States v. Booker*, 543 U.S. 220, 261–62, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005); *United States v. Fernandez*, 443 F.3d 19, 25–26 (2d Cir. 2006), a standard "akin to review for abuse of discretion," *United States v. Williams*, 475 F.3d 468, 474 (2d Cir.2007); *see also Gall v. United States*, —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). Because Defendant challenges only the procedural reasonableness of the sentence, we do not review here the actual length of the sentence.

It is clear from the record that the court was "aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable." *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir.2005). There is a strong presumption that judges have considered factors under section 3553(a) and related arguments absent "record evidence suggesting otherwise." *Fernandez*, 443 F.3d at 29–30. From the face of the record, it is apparent that the court considered, at the very least, the factors described in 18 U.S.C. § 3553(a)(1) ("nature and circumstances of the offense" and a defendant's individual characteristics), and 18 U.S.C. § 3553(a)(2)(B) (the need for deterrence). That is sufficient. *See Fleming*, 397 F.3d

---

1. The Honorable Richard W. Goldberg, of the U.S. Court of International Trade, sitting by designation.

**366**

at 100 ("[N]o specific verbal formulations should be prescribed to demonstrate the adequate discharge of the duty to 'consider' matters relevant to sentencing."); *Fernandez*, 443 F.3d at 30 (holding that a district court need not address every factor nor every argument raised by a defendant).

Although the court gave deference to the Sentencing Guidelines, it did not treat those Guidelines as binding or even presumptively reasonable but simply treated them as a "starting point and the initial benchmark," giving due consideration to the fact that the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions." *Gall*, 128 S.Ct. at 594, 596; *see also Kimbrough v. United States*, —— U.S. ——, 128 S.Ct. 558, 574, 169 L.Ed.2d 481 (2007). A Guidelines sentence will in the ordinary case "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Kimbrough*, 128 S.Ct. at 574. It is apparent from the court's consideration of the § 3553(a) factors that it was willing and able to consider deviating from the Guidelines, but because nothing was especially unusual about this case, the court gave deference to the careful study that went into the Guidelines and ended where it began, with the "starting point" that is the Guidelines. *Gall*, 128 S.Ct. at 596.

Finally, we note in passing that contrary to Defendant's claim, the *Kimbrough* case is not applicable here. Although the court gave deference to the Guidelines, it did not suggest any disagreement with those Guidelines on general policy grounds, nor did Defendant argue that it should.

## II. Suppression

Defendant initially challenged the court's decision not to suppress a variety of evidence, but he withdrew the claim immediately prior to argument. We therefore do not consider it.

## III. Conclusion

We have reviewed all of Defendant–Appellant's arguments and have found each of them to be without merit. Accordingly, the judgment of the district court is **AFFIRMED**.