08-6292-cr
United States v. Most

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of June, two thousand ten.

PRESENT:    JOSE A. CABRANES,
            BARRINGTON D. PARKER,
            REENA RAGGI,
                        *Circuit Judges.*

-----------------------------------------------------------------------
UNITED STATES OF AMERICA,
                        *Appellee,*


        v.                                        No. 08-6292-cr

KARL A. MOST,
                        *Defendant-Appellant.*
-----------------------------------------------------------------------

FOR APPELLANT:              Stuart J. Grossman, Grossman & Rinaldo, Forest Hills, New York.

FOR APPELLEE:               Benton J. Campbell, United States Attorney for the Eastern District of New York (Elizabeth J. Kramer, Jack Dennehy, Assistant United States Attorneys, of counsel), Brooklyn, New York.

Appeal from the United States District Court for the Eastern District of New York

(Sandra L. Townes, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court entered on December 23, 2008, is AFFIRMED.

Karl Most challenges the reasonableness of a 60-month term of incarceration imposed for violation of the supervised release component of his Southern District of California sentence for possession of methamphetamine with intent to distribute. Specifically, Most contends that 60 months' incarceration is unreasonable in light of the violation to which he pleaded guilty: traveling to New York without permission. In assessing a reasonableness challenge, we do not "substitut[e] . . . our judgment for that of the sentencing judge. Rather, the standard is akin to review for abuse of discretion." United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006); see Gall v. United States, 552 U.S. 38, 51 (2007). In applying these principles to this appeal, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Reasonableness

    a.    Procedural Reasonableness

The record demonstrates that prior to imposing the challenged sentence, the district court afforded counsel and defendant an opportunity to be heard. Thus, any claim that the court precluded defendant from speaking on the record in violation of Fed. R. Crim. P. 32 lacks support. The court also properly identified the applicable Guidelines range as seven to thirteen months' imprisonment. In determining that sixty months' imprisonment – the

2

statutory maximum – was the proper sentence, the court noted Most's long history of supervised release violations, his criminal history category of V, and the significant downward departure he received in the underlying criminal case. These factors adequately explain the court's conclusion that Most had "shown, once again, . . . that [he would] not obey the conditions of supervised release," and that he therefore "must be incapacitated for as long as possible." Sent'g Tr. at 26; see Gall v. United States, 552 U.S. at 50 (noting that "a major departure [from the recommended Guidelines sentence] should be supported by a more significant justification than a minor one").

As we have observed on numerous occasions, no "specific verbal formulations," United States v. Fleming, 397 F.3d 95, 100 (2d Cir. 2005), or "robotic incantations," United States v. Fernandez, 443 F.3d at 30 (internal quotation marks omitted), are required to demonstrate a district court's adequate consideration of the statutory factors relevant to sentencing. Here, the able and experienced district judge discussed not only the nature of Most's violation – which involved the commission of another drug crime on his trip to New York – and his personal characteristics and history, but also the need to deter and protect the public from repeated supervised release violations that involved criminal activity. On this record, we easily conclude that the judge adequately considered the § 3553(a) factors. See United States v. Verkhoglyad, 516 F.3d 122, 132-34 (2d Cir. 2008) (citing defendant's repeated violations of law after receipt of lenient sentences in explaining decision to impose 57-month sentence for violation of probation).

3

We therefore reject Most's claim of procedural unreasonableness as without merit.

   b.   Substantive Reasonableness

We similarly reject Most's claim of substantive unreasonableness. In light of Most's extensive criminal history, repeated violations of supervised release, intent to lie to his probation officer to procure permission to travel, and receipt of a significant downward departure in his underlying criminal case, we conclude that a 60-month sentence fell within the broad discretion of the district court. See United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (noting that sentence is substantively unreasonable only where it "cannot be located within the range of permissible decisions" (internal quotation marks omitted)); accord United States v. Jones, 531 F.3d 163, 174 (2d Cir. 2008).

   2.   Conclusion

We have considered Most's remaining arguments, including those submitted in his pro se supplemental briefs, and conclude that they lack merit. Accordingly, the December 23, 2008 judgment of the district court is AFFIRMED.

                         FOR THE COURT:
                         CATHERINE O'HAGAN WOLFE, Clerk of Court

4