08-5961-cr
United States v. Parnell

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of May, two thousand eleven.

PRESENT:
> JON O. NEWMAN,
> GUIDO CALABRESI,
> PETER W. HALL,
> > *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                  No. 08-5961-cr

RONNIE PARNELL,

> *Defendant-Appellant.*

_____

| | |
|---|---|
| FOR APPELLANT: | LISA A. PEEBLES, First Assistant Federal Public Defender (James P. Egan, Research and Writing Specialist, *on the brief*), *for* Alexander Bunin, Federal Public Defender, Syracuse, New York. |
| FOR APPELLEE: | ELIZABETH S. RIKER, Assistant United States Attorney (John M. Katko, Assistant United States Attorney, *of counsel*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, New York. |

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Mordue, *C.J.*).  **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Ronnie Parnell was convicted following a guilty plea to one count of conspiracy to engage in racketeering in violation of 18 U.S.C. § 1962(d).  The district court imposed a below-Guidelines sentence of 45 months' imprisonment and four years of supervised release.  The court subsequently reduced Parnell's sentence to 37 months' imprisonment pursuant to the crack-cocaine Guidelines amendment, *see* U.S.S.G. § 2D1.1, and he was released to supervision on April 11, 2008.  Parnell having been subject to two hearings regarding revocation of supervised release and having committed a total of seven violations of his conditions of supervised release, the district court again sentenced Parnell but this time to an above-Guidelines sentence of 50 months' imprisonment with no supervised release.  Following a prior proceeding, this Court remanded the case to the district court for, inter alia, the entry of a written statement of reasons required by 18 U.S.C. § 3553(c)(2) for imposing a non-Guidelines sentence.  On July 26, 2010, the district court supplied a written statement of reasons.  This appeal followed.  The sole issue before us is whether Parnell's above-Guidelines sentence is substantively unreasonable.  We assume the parties' familiarity with the facts and procedural history of the case.

We review sentences for violations of supervised release—as we do all sentences—for reasonableness, which amounts to review for "abuse of discretion."  *United States v. Cavera*, 550 F.3d 180, 187, 189 (2d Cir. 2008) (in banc), *cert. denied*, 129 S. Ct. 2735 (2009).  As this court has made plain, "[a] sentencing judge has very wide latitude to decide the proper degree of

2

punishment for an individual offender and a particular crime," and we will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* at 188-89 (emphasis and internal quotation marks omitted). Thus, while the parsimony clause requires a district court to impose "a sentence sufficient, but not greater than necessary," to comply with statutory objectives, 18 U.S.C. § 3553(a), we review the sentence actually imposed only for reasonableness. *See United States v. Williams*, 475 F.3d 468, 476-77 (2d Cir. 2007). "Although the brevity or length of a sentence can exceed the bounds of 'reasonableness,' we anticipate encountering such circumstances infrequently." *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir. 2005). We conclude that this is not one of those rare cases.

In urging us to hold otherwise, Parnell submits that because his supervised release violations stemmed solely from his drug addiction, a sentence more than six times above the bottom of the Guidelines range and 10 months less than the statutory maximum cannot be supported by the record in this case. Parnell does not argue on appeal that his sentence was unreasonable due to the court's failure to place him back on supervision and into drug rehabilitation. Instead, his argument is principally that his sentence is excessive because it is greater than necessary to deter his future criminal conduct, especially because the district court nowhere indicated that a sentence below 50 months' imprisonment would fail to achieve the same goal.

We find Parnell's arguments unpersuasive and identify no basis to conclude that his sentence is substantively unreasonable. In this case, the district court sentenced a defendant with a significant criminal history who was appearing at a hearing for the second time within four

3

months to respond to charges of multiple violations of his conditions of supervised release. We note that at the first revocation hearing the district court, in imposing inpatient rehabilitation as opposed to the suggested Guidelines sentence of eight to fourteen months, specifically warned Parnell that if he again violated his conditions of supervised release the court would sentence him to five more years in prison. Although Parnell informed the court that he understood his situation, he nonetheless failed to take advantage of the court's leniency and again violated his conditions of supervised release.

As the parties further acknowledge, the district court also considered that Parnell had been given the benefit of a substantial departure for his cooperation in connection with his sentence on the underlying racketeering charge. *See* U.S.S.G. § 7B1.4, cmt. n.4 ("Where the original sentence was the result of a downward departure (e.g., as a reward for substantial assistance), . . . an upward departure may be warranted."). Despite the court's repeated leniency, however, Parnell continued to use drugs and refused to change the lifestyle that had led to his past criminal conduct.

The district court was also clear in its written statement of reasons that it imposed an above-Guidelines sentence based on Parnell's breach of trust. The court explained that Parnell's conduct

> demonstrat[ed] an inability to comply with the terms of supervised release. This includes [Parnell's] continued drug use, failure to participate in substance abuse treatment, decision to walk away from a long-term, treatment-based, residential halfway house program, and failure to report for drug testing. The Court also considered the lack of respect [Parnell] had for the probation office or the efforts made by the probation officer to help him, as well as [his] need to be in an environment where he must conform to the rules.

Indeed, Parnell's actions demonstrate that unless he was incarcerated he would continue to break the law.

4

Finally, we note that the issue before us is not whether we "might reasonably have concluded that a different sentence [for Parnell] was appropriate." *Gall v. United States,* 552 U.S. 38, 51, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007). Instead, we consider only "whether the sentence imposed falls within the broad range that can be considered reasonable," *United States v. Jones*, 531 F.3d 163, 174 (2d Cir. 2008), and, therefore, in reviewing Parnell's sentence we must "exhibit restraint, not micromanagement," *Fleming*, 397 F.3d at 100. In light of the foregoing and the record before us, we cannot say that Parnell's sentence was unreasonable.

We have considered Parnell's other contentions on this appeal and find them to be without merit. For the reasons stated, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5