12-2209-cr
United States v. Glover

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of July, two thousand thirteen.

Present:     ROSEMARY S. POOLER,
             RAYMOND J. LOHIER, JR.,
             SUSAN L. CARNEY,
                      *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                      *Appellee*,

             -v-                                        12-2209-cr

ISAIAH GLOVER,

                      *Defendant-Appellant*.

_____

Appearing for Appellee:      Monica J. Richards, Assistant United States Attorney (William J. Hochul, Jr., United States Attorney for the Western District of New York, *on the brief*) Buffalo, NY

Appearing for Appellant:     Leslie E. Scott (Fonda Dawn Kubiak, *on the brief*), Federal Public Defender's Office, Western District of New York, Buffalo, NY

Appeal from the United States District Court for the Western District of New York (Arcara, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Defendant-Appellant Isaiah Glover appeals from the May 17, 2012 judgment of the district court, which sentenced him principally to 110 months' imprisonment. Glover pleaded guilty to unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and agreed to the forfeiture of firearms and ammunition pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

On appeal, Glover challenges the district court's sentence. "We review a district court's sentencing decision for procedural and substantive reasonableness." *United States v. Wernick*, 691 F.3d 108, 113 (2d Cir. 2012). "A district court commits procedural error where it makes a mistake in its Guidelines calculation, does not consider the § 3553(a) factors, or rests its sentence on a clearly erroneous finding of fact." *Id.* (internal quotation marks omitted). When reviewing for substantive reasonableness, "we will not substitute our own judgment for the district court's on the question of what is sufficient to meet the § 3553(a) considerations in any particular case." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008). "We will instead set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Id.* (internal quotation marks and emphasis omitted).

Glover first argues that the district court's sentence was substantively unreasonable because it failed to consider the Section 3553(a) factors. We disagree. The district court noted its obligation to consider the factors and explicitly found that the sentence it imposed was "sufficient but not greater than necessary to comply with the purposes of sentencing set forth" in the factors. "As long as the judge is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance, we will accept that the requisite consideration has occurred." *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir. 2005). Additionally, Glover's sentence, at the bottom of the Guidelines range, is not an "exceptional case" outside the range of permissible decisions. *See United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006) ("We recognize that in the overwhelming majority of cases, a Guidelines sentence will fall comfortably within the broad range of sentences that would be reasonable in the particular circumstances.").

Next, Glover challenges the district court's application of a four-point sentencing enhancement in its calculation of the Guidelines range. The district court adopted the probation office's presentence investigation report ("PSR"), which recommended a four-point enhancement under Section 2K2.1(b)(6)(B) of the Guidelines, based on possession of "any firearm. . . with knowledge, intent, or reason to believe that it would be used or possessed *in connection with* another felony offense." U.S.S.G. § 2K2.1(b)(6)(B) (emphasis added). Glover argues that his possession of a firearm was not "in connection with" another felony offense. The determination of whether possession of a firearm is "in connection with" another felony is a factual determination subject to review for clear error. *See United States v. Ortega*, 385 F.3d 120, 122 & n.1 (2d Cir. 2004). The Application Notes provide that the enhancement "appl[ies] if the firearm or ammunition facilitated or had the potential of facilitating, another felony offense."

2

U.S.S.G. § 2K2.1 n.14(A). Where, as here, the other felony offense is a drug trafficking offense, the enhancement applies if the "firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." U.S.S.G. § 2K2.1 n.14(B). The plea agreement states that officers discovered Glover's gun and ammunition in the same foyer bench as drugs, drug-packaging materials, and a digital scale. The "close proximity" test of Section 2K2.1 is easily satisfied. That the gun and drugs were found in separate containers within the bench–the gun inside a zipped backpack and the drugs inside a shoe box–does not alter the analysis. *Cf. Ortega*, 385 F.3d at 123 (upholding application of enhancement where revolver found inside suit-coat pocket in same closet as drugs).

We have considered all of Glover's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court hereby is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3