**UNITED STATES of America,**
**Appellee,**

v.

**Kenneth GIBSON, aka KG,**
**Defendant–Appellant.***

**No. 13–679–CR.**

United States Court of Appeals,
Second Circuit.

May 14, 2014.

Jonathan I. Edelstein, Edelstein & Grossman, New York, NY, for Appellant.

John M. Katko, Brenda K. Sannes, Assistant United States Attorneys, for Richard S. Hartunian, United States Attorney

---

* The Clerk of the Court is directed to amend the caption of this case as set forth above.

for the Northern District of New York, Syracuse, NY, for Appellee.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Kenneth Gibson appeals from a judgment entered in the District Court following his guilty plea, convicting him of possession of marijuana in violation of the terms of his supervised release and sentencing him to the statutory maximum of three years' imprisonment under 18 U.S.C. § 3583(e)(3). Gibson argues that his sentence is substantively unreasonable. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review the reasonableness of a sentence for violation of the terms of supervised release under a deferential abuse-of-discretion standard. *See United States v. Verkhoglyad,* 516 F.3d 122, 127 (2d Cir. 2008). We will set aside a district court's sentence as substantively unreasonable "only in exceptional cases where [its] decision cannot be located within the range of permissible decisions." *United States v. Cavera,* 550 F.3d 180, 189 (2d Cir.2008) (en banc) (quotation marks omitted). In imposing a sentence for the violation of supervised release, a district court must " 'consider' most of the factors listed in [18 U.S.C. § ] 3553(a)," but is not required to include any particular recitation or "specific articulation" in explaining its decision. *United States v. Fleming,* 397 F.3d 95, 97, 99 (2d Cir.2005).

Applying this standard, we conclude that Gibson's three-year sentence was not sub-stantively unreasonable. The District Court stated that it considered the § 3553(a) factors, as well as the parties' submissions detailing Gibson's history of substance abuse and repeated violations of the terms of his supervision. In addition, although the U.S. Sentencing Guidelines range for the violation of supervised release to which Gibson pleaded guilty was eight to fourteen months, *see* U.S.S.G. §§ 7131.1(a)(3), 7131.4, Gibson's original sentence for conspiracy to possess and distribute cocaine and cocaine base resulted from a downward departure—a consideration that supports an upward departure here, *see id.* § 7131.4, cmt. n.4. The District Court acted within its discretion in determining that the statutory maximum three-year sentence was necessary given Gibson's repeated breaches of the court's trust and the failure of past sanctions to deter further violations of the terms of supervision. The sentence was not "shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas,* 583 F.3d 108, 123 (2d Cir.2009).

We have considered Gibson's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.