13-679-cr
United States v. Gibson

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of May, two thousand fourteen.

PRESENT: AMALYA L. KEARSE,
RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
*Circuit Judges.*

-----------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                No. 13-679-cr

KENNETH GIBSON, AKA KG,

*Defendant-Appellant.*[*]

-----------------------------------------------------------------

---

[*] The Clerk of the Court is directed to amend the caption of this case as set forth above.

FOR APPELLANT: Jonathan I. Edelstein, Edelstein & Grossman, New York, NY.

FOR APPELLEE: John M. Katko, Brenda K. Sannes, Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (David N. Hurd, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Kenneth Gibson appeals from a judgment entered in the District Court following his guilty plea, convicting him of possession of marijuana in violation of the terms of his supervised release and sentencing him to the statutory maximum of three years' imprisonment under 18 U.S.C. § 3583(e)(3).  Gibson argues that his sentence is substantively unreasonable.  We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to affirm.

We review the reasonableness of a sentence for violation of the terms of supervised release under a deferential abuse-of-discretion standard.  See United States v. Verkhoglyad, 516 F.3d 122, 127 (2d Cir. 2008).  We will set aside a district court's sentence as substantively unreasonable "only in exceptional cases where [its] decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (quotation marks omitted).  In imposing a sentence for the violation of supervised release, a district court must "'consider' most of the factors listed in [18 U.S.C. §] 3553(a)," but is not required to include any particular recitation or "specific articulation"

2

in explaining its decision. United States v. Fleming, 397 F.3d 95, 97, 99 (2d Cir. 2005).

Applying this standard, we conclude that Gibson's three-year sentence was not substantively unreasonable. The District Court stated that it considered the § 3553(a) factors, as well as the parties' submissions detailing Gibson's history of substance abuse and repeated violations of the terms of his supervision. In addition, although the U.S. Sentencing Guidelines range for the violation of supervised release to which Gibson pleaded guilty was eight to fourteen months, see U.S.S.G. §§ 7B1.1(a)(3), 7B1.4, Gibson's original sentence for conspiracy to possess and distribute cocaine and cocaine base resulted from a downward departure—a consideration that supports an upward departure here, see id. § 7B1.4, cmt. n.4. The District Court acted within its discretion in determining that the statutory maximum three-year sentence was necessary given Gibson's repeated breaches of the court's trust and the failure of past sanctions to deter further violations of the terms of supervision. The sentence was not "shockingly high, shockingly low, or otherwise unsupportable as a matter of law." United States v. Rigas, 583 F.3d 108, 123 (2d Cir. 2009).

We have considered Gibson's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court

3