United States v. Guerrero

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 29th day of April, two thousand nineteen.

Present:     AMALYA L. KEARSE,
             RALPH K. WINTER,
             ROSEMARY S. POOLER,
                  *Circuit Judges*.

_____

UNITED STATES OF AMERICA,

                  *Appellee*,

             v.                                              18-1052-cr

JONATHAN GUERRERO,

                  *Defendant-Appellant*.

_____

Appearing for Appellant:     Colleen P. Cassidy, Federal Defenders of New York, Inc., Appeals Bureau, New York, N.Y.

Appearing for Appellee:     Kristy Greenberg, Assistant United States Attorney (Anna M. Skotko, Assistant United States Attorney, *on the brief*), *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, N.Y.

Appeal from the United States District Court for the Southern District of New York (McMahon, *C.J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

Jonathan Guerrero appeals from the April 11, 2018 judgment of the United States District Court for the Southern District of New York (McMahon, *C.J.*) revoking Guerrero's supervised release and sentencing him to 24 months' imprisonment and three years' supervised release. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

Guerrero's supervised release was revoked when the district court concluded, following a hearing, that Guerrero committed New York second-degree robbery, a felony, and New York third-degree assault, a misdemeanor. The robbery victim did not testify at the hearing. Instead, the police officer who took the victim's statement testified that the victim's mobile phone and wallet were stolen. On appeal, Guerrero challenges only the finding that he committed a robbery, arguing that the district court committed reversible error when it admitted the hearsay statement regarding the stolen goods without finding good cause for admitting the hearsay statement.

"Revocation proceedings are not deemed part of a criminal prosecution, and, therefore, defendants in such proceedings are not entitled to 'the full panoply of rights' that criminal defendants generally enjoy." *United States v. Carthen*, 681 F.3d 94, 99 (2d Cir. 2012) (quoting *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)). Defendants faced with revocation are entitled to certain procedural protections under the Due Process Clause of the Constitution and Federal Rule of Criminal Procedure 32.1. *See United States v. Aspinall*, 389 F.3d 332, 340 (2d Cir. 2004), *abrogation on other grounds recognized b*y *United States v. Fleming*, 397 F.3d 95, 99 n.5 (2d Cir. 2005). A defendant is entitled to "an opportunity to appear, present evidence, and question any adverse witness unless the court determines that the interest of justice does not require the witness to appear." Fed. R. Crim. P. 32.1(b)(2)(C); *see also Morrissey*, 408 U.S. at 489.

We find no clear error in the district court's conclusion that Guerrero committed a robbery. Based solely on the events captured in the surveillance video introduced into evidence at the revocation hearing, it is possible to draw the inference that items were taken from the victim in the course of the assault being committed without relying on the hearsay testimony at issue. Even assuming arguendo that the district court relied in part on the hearsay testimony, the error is harmless. *See Aspinall*, 389 F.3d at 346 ("[A] district court's failure to comply with the interest-of-justice determination requirement . . . is subject to harmless-error analysis.").

We have examined the remainder of Guerrero's arguments and find them to be without merit. The judgment of the district court is hereby AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2