**UNITED STATES of America, Appellee,**

**v.**

**Lashan COVINGTON, Defendant–Appellant.**

**No. 08–0539–cr.**

United States Court of Appeals, Second Circuit.

April 15, 2009.

Lee Ginsberg (Janet Christine Mace, on the brief), Freeman Nooter & Ginsberg, New York, NY, for Appellant.

Patrick Sean Sinclair, Assistant United States Attorney (Emily Berger, on the brief), for Benton J. Campbell, United States Attorney for the Eastern District of New York, Brooklyn, NY, for Appellee.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. REENA RAGGI, Hon. PETER W. HALL, Circuit Judges.

**SUMMARY ORDER**

Defendant Lashan Covington ("Covington"), who had been convicted of assault with intent to commit murder in violation of 18 U.S.C. § 113(a)(1), now appeals from a judgment revoking his supervised release on that conviction and sentencing him to a term of imprisonment of 3 months and an ensuing 57–month period of supervised release. *See* 18 U.S.C. § 3583(e)(3), (h).

In the aftermath of *United States v. Booker,* we review sentences for "reasonableness," 543 U.S. 220, 262, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), "a deferential standard limited to identifying abuse of discretion regardless of whether a challenged sentence is 'inside, just outside, or significantly outside the Guidelines range.'" *United States v. Jones,* 531 F.3d 163, 170 (2d Cir.2008) (quoting *Gall v. United States,* 552 U.S. 38, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007)). Our review proceeds in two steps: first we must "ascertain whether the sentence was administered without procedural error," *United States v. Williams,* 524 F.3d 209, 214 (2d Cir.2008); and second, if the sentence is "procedurally sound," we must "consider [its] substantive reasonableness," *Gall v. United States,* 128 S.Ct. at 597, by evaluating "whether the District Judge abused his discretion in determining that the [18 U.S.C.] § 3553(a) factors supported" the sentence imposed, *id.* at 600.

In applying reasonableness review to this case, we assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

1. *Procedural Challenge*

Covington submits that his sentence is infected by procedural error because the district court failed both to acknowledge the advisory nature of the Sentencing Guidelines and to mention the § 3553 factors. We are not persuaded.

It is well established that "no specific verbal formulations" are necessary to demonstrate a district judge's recognition of the advisory nature of the Guidelines. *United States v. Fleming,* 397 F.3d 95, 100 (2d Cir.2005). Indeed, "in the absence of record evidence suggesting otherwise, we presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors" critical to post-*Booker* sentencing. *United States v. Verkhoglyad,* 516 F.3d 122, 129 (2d Cir.2008) (internal quotation marks omitted). The record here indicates that the district court was aware of the advisory nature of the Guide-

lines and that its sentencing decision was informed by the statutory factors. Specifically, the district court acknowledged its review of sentencing letters from the parties in which counsel referenced the court's "unequestionabl[e] aware[ness]" of the Guidelines' advisory nature, Letter from Lee Ginsberg, counsel to Covington, to Judge Gershon (Jan. 18, 2008), and framed sentencing recommendations by reference to the § 3553 factors. Under these circumstances, we identify no procedural error.

2. *Substantive–Reasonableness Challenge*

Covington also contends that his sentence is substantively unreasonable because the maximum combined sentence of 60 months (3 months of incarceration, followed by 57 months of supervised release) substantially increased the 36–month period of supervised release previously imposed upon him. We disagree. Having concluded that the district court "satisfie[d] its § 3553 obligations and commit[ted] no other procedural error," it is not our task to identify the "'right' sentence"; we determine only "whether the sentence imposed falls within the broad range that can be considered reasonable under the totality of the circumstances." *United States v. Jones,* 531 F.3d at 174. Given the district court's imposition of a modest 3–month prison sentence for multiple violations of supervision raising serious concerns about Covington's respect for law and responsible adjustment to society, we conclude that the 57–month term of supervision fell well within the broad range committed to district court discretion.

The judgment is AFFIRMED.