10-4115-cr
USA v. Henry

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of November, two thousand eleven.

Present:
>ROBERT D. SACK,
>ROBERT A. KATZMANN,
>RICHARD C. WESLEY,
>>*Circuit Judges.*

_____

UNITED STATES OF AMERICA,

>*Appellee*,

>>v.                                        No.  10-4115-cr

ERNEST LEE HENRY, AKA Black,

>*Defendant-Appellant*.

_____

| | |
|---|---|
| For Appellee: | CARL G. EURENIUS, Assistant United States Attorney (Brenda K. Sannes, Assistant United States Attorney, *on the brief*), *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Syracuse, N.Y. |
| For Defendant-Appellant: | JAMES P. EGAN, Federal Public Defender (Lisa A. Peebles, *on the brief*), Syracuse, N.Y. |

Appeal from the United States District Court for the Northern District of New York (Mordue, *J.*).

**ON CONSIDERATION WHEREOF**, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Defendant-Appellant Ernest Lee Henry appeals from the October 12, 2010 judgment of the district court, following a guilty plea, convicting him of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. The district court sentenced Henry to 110 months of imprisonment followed by a twenty-year term of supervised release. On appeal, Henry argues that (1) the district court committed procedural error by "misapprehend[ing]" his counsel's request for a non-Guidelines sentence and by "failing to appreciate its authority" to impose a sentence below the Guidelines range, Def. Br. 10, 15, and (2) the district court's imposition of a 110-month sentence was substantively unreasonable in view of Henry's "history and characteristics," *id.* at 20. We assume the parties' familiarity with the facts and procedural history of this case.

We review all sentences using a "deferential abuse-of-discretion standard." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted).

We turn first to Henry's argument that his sentence is procedurally unreasonable on the ground that the "district court . . . never once indicat[ed] that it understood counsel's request for a non-guideline sentence [or] its authority to impose one." Def. Br. 10. A district court commits procedural error by, among other things, "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence—including an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007).

2

Here, Henry's counsel sought "both in her sentencing submissions and at the sentencing hearing . . . a sentence of 48 months," Def. Br. 15, and expressly requested that the Guidelines "not [] apply," App. 25. On appeal, Henry argues that the district court "misapprehended" his counsel's plea for a non-Guidelines sentence. Def. Br. 15. Henry, however, overlooks the following colloquy between defense counsel and the district court:

> MS. PEEBLES: Your Honor, while we think that there has been a technical application of the guidelines that would render him in a career offender level, *we are asking the Court not to apply that in this case.*
>
> THE COURT: *I'll take that under consideration.* Do counsel agree with the criminal history computation as set forth in the Presentence Report?
>
> MR. EURENIUS: Yes, Your Honor.
>
> MS. PEEBLES: Again, Your Honor, we have no objection to the technical application of the guidelines.

App. 25 (emphases added). We conclude that the district court's statement that it would "take . . . under consideration" counsel's request that the Guidelines "not . . . apply . . . in this case," *id.*, makes plain that the court fully understood counsel's request for a non-Guidelines sentence and that it had not yet foreclosed the possibility of imposing such a sentence.

Henry responds that the district court mistakenly believed the Guidelines to be mandatory. He relies upon the court's statement, made after it imposed Henry's sentence, that it had "selected the bottom of the guideline range . . . because of [his] cooperation in this case. Absent [his] cooperation [it] would have considered sentencing [him] at the top of the guideline range in an effort to protect society." *Id.* at 31. Henry contends that "this statement is a clear indication of the district court's mandatory treatment of the guideline range." Def. Br. 16.

Henry, however, reads the district court's statement out of context. For one thing, the district court explicitly indicated that the Guidelines were only one of several factors it

3

considered in imposing the sentence. For another, the court expressed its view that a sentence at the bottom of the Guidelines range was "fair in this case," App. 30, and "sufficient but not greater than necessary to achieve the goals of sentencing," *id.* at 31; it nowhere suggested that it was required to impose such a sentence because Henry was a career offender. Accordingly, the record reflects the district court's view that a Guidelines sentence was "fair" and appropriate, not that such a sentence was mandatory.

We turn next to Henry's argument that his 110-month sentence was substantively unreasonable because "the district court failed to adequately account for the defendant's history and characteristics." Def. Br. 20. We will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks and emphasis omitted). "As long as the judge is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance, we will accept that the requisite consideration has occurred." *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir. 2005).

As an initial matter, Henry's offense conviction, conspiracy to distribute and possess with intent to distribute five hundred grams or more of cocaine, carries a statutory maximum penalty of forty years of imprisonment. *See* 21 U.S.C. §§ 841(a)(1), (b)(1)(B), 846. Therefore, the 110-month sentence that the district court imposed was approximately thirty years less than the statutory maximum. As a result of the court's grant of the government's U.S.S.G. § 5K1.1 motion for a six-level departure, Henry's sentence was also seventy-eight months below the bottom of the Guidelines range of 188 to 235 months.

Henry argues that his sentence was nonetheless "substantively unreasonable because it exceeded the range set by the factors listed in 18 U.S.C. § 3553(a)." Def. Br. 20. He refers to his "minor role in the offense, his mental health condition, the length of time between his prior qualifying convictions, the non-violent nature of the instant offense, and his steps at rehabilitation." *Id.* These factors, Henry asserts, "dictated a sentence well below the range resulting from the substantial assistance departure from the career offender guideline." *Id.*

Although Henry stresses that his role in the offense was "quite minimal," *id.* at 21, the probation office concluded that Henry's role did not warrant a downward adjustment, and Henry's counsel did not object to the Guidelines calculations or facts set forth in the presentence report. As for counsel's argument that a significant length of time had elapsed since Henry's first-degree rape convictions, there is no dispute that Henry has a long history of committing violent and egregious crimes against female victims. Insofar as counsel suggests that Henry has taken "steps [toward] rehabilitation," *id.* at 20, Henry pleaded guilty to having conspired to distribute cocaine in December 2008, just over one year after he was released from prison and placed on lifetime parole. In fact, Henry was on parole at when he committed the cocaine offense, and he engaged in cocaine trafficking on more than one occasion.

In any event, the district court expressly "reviewed and considered all the pertinent information including, but not limited to, the Presentence Investigation Report, the addendum, the submissions by counsel[,] . . . the factors that are outlined in 18 U.S.C. § 3553(a), and . . . the sentencing guidelines," as well as mitigating factors advanced by Henry's counsel, in determining that the career-offender Guideline was "fair" in Henry's case. App. 30. Although the court did not address on the record each argument raised by defense counsel, we do not "impose any rigorous requirement of specific articulation on sentencing judges." *United States*

5

*v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) (internal quotation marks omitted).  Here, the district court fulfilled the requirements of § 3553(a) by stating that it had considered defense counsel's arguments.  It indeed made clear that absent Henry's substantial cooperation and the mitigating factors identified by counsel, it "would have considered sentencing [Henry] at the top of the guideline range in an effort to protect society."  App. 31.  Accordingly, considering all of the circumstances, we conclude that Henry's 110-month sentence is reasonable.

We have considered Henry's remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK
