12-4095-cr
United States v. Patterson

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand thirteen.

PRESENT: ROBERT D. SACK,
BARRINGTON D. PARKER,
REENA RAGGI,
*Circuit Judges*.

-----------------------------------------------------------------------
UNITED STATES OF AMERICA,
*Appellee*,

v.                                                          No. 12-4095-cr

ASHA PATTERSON,
*Defendant-Appellant*.
-----------------------------------------------------------------------

FOR APPELLANT:          Paul Camarena, North & Sedgwick Law, Chicago, Illinois.

FOR APPELLEE:           William David Sarratt, Emily Berger, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Allyne R. Ross, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on October 5, 2012, is AFFIRMED.

Defendant Asha Patterson challenges as substantively unreasonable a 50-month prison sentence imposed for his violation of supervised release. See 18 U.S.C. § 3583(e)(3). On a reasonableness review of a challenged sentence, we apply a "deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007); accord United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). That standard recognizes that "reasonableness is inherently a concept of flexible meaning, generally lacking precise boundaries." United States v. Verkhoglyad, 516 F.3d 122, 134 (2d Cir. 2008) (internal quotation marks omitted). It further recognizes that a range of sentences can appropriately be deemed reasonable in any particular case. See United States v. Jones, 531 F.3d 163, 174 (2d Cir. 2008). Thus, we will "set aside a district court's substantive determination" as to an appropriate sentence "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d at 189 (emphasis in original; internal quotation marks omitted). In applying these principles here, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

Patterson argues that his 50-month prison sentence is substantively unreasonable because it vastly exceeds the advisory Guidelines range of four to ten months' imprisonment for Grade B violations of supervised release. See U.S.S.G. § 7B1.4. This argument fails for several reasons. At the outset, it ignores the commentary to § 7B1.4, which recognizes that an above-Guidelines sentence may well be warranted where, as here, a defendant's violation of supervision follows his earlier receipt of a below-Guidelines sentence on the crime of conviction. See id. § 7B1.4 cmt. n.2. Further, even before United States v. Booker, 543 U.S. 220 (2005), § 7B1.4 was an advisory, not a binding, Guideline, from which district courts were free to depart as warranted by the totality of the circumstances. See United States v. Sindima, 488 F.3d 81, 83 n.3 (2d Cir. 2007).

In sentencing Patterson to 50 months' incarceration, the most severe sentence available for the supervision violation, the district court carefully reviewed Patterson's "extraordinarily serious, virtually unabated criminal conduct . . . spanning a period of nearly 20 years." Sentencing Tr. 21:16–18, J.A. 22. The record amply supports the district court's conclusions that (1) the "multiple sentences imposed on defendant, both lenient and severe," had not had "the slightest impact in deterring him from continuing criminality"; (2) "defendant has never been, and is not now, amenable to any form of community supervision"; and (3) "any incarceratory sentence for these violations . . . short of the statutory maximum of 50 months' imprisonment would be wholly insufficient to accomplish the goals of sentencing under [18 U.S.C. §] 3553(a)." Id. at 30:13–23, J.A. 31.

For example, Patterson first came before the district court in 1995, charged with the armed robbery of a credit union, a crime committed while on bail on a state law charge of unlawful possession of a semi-automatic firearm. Pursuant to a cooperation agreement with the government, Patterson pleaded guilty to the armed robbery and a drug conspiracy charge and was sentenced to time served to run concurrently with the six-year state sentence for firearm possession. But for the cooperation agreement, Patterson would have faced a then-mandatory Guidelines prison range of 168 to 210 months for the armed robbery count and a ten-year statutory minimum for the drug trafficking count.

Although the district court placed Patterson on five-year supervision, within a year he was arrested for domestic violence. Two years later, state authorities arrested Patterson for criminal possession of a weapon and stolen property, as well as forgery. Less than two weeks later, federal marshals seized a semi-automatic pistol in a car registered to Patterson. Tried and convicted for being a felon in possession of a firearm, see 18 U.S.C. § 922(g)(1), and making false statements to his Probation officer, see id. § 1001, Patterson was sentenced to concurrent prison terms of 78 months and 60 months respectively, with a consecutive term of 10 months for violating supervision, and four years' supervision. In imposing this sentence, the district court referenced Patterson's "flagrant[] abuse[]" of the trust reflected in the "extraordinary leniency" shown him at his earlier sentencing. Sentencing Tr. 27:13–15, J.A. 28.

Less than two years after release from federal custody, Patterson used a sledgehammer to commit another burglary, for which New York sentenced him to a prison

4

term of two to four years. While on bail on this charge, Patterson was arrested on myriad state charges for threatening a woman with a gun, and the day later during a vehicle stop, was found in possession of marijuana, ammunition, and police scanners, among other items.

It was against this backdrop that Patterson pleaded guilty to the supervision violation—committing a crime, to wit, the sledgehammer burglary—that resulted in the 50-month sentence challenged on this appeal. While we would not ordinarily recount such detail in a summary order, we do so here to show the patent lack of merit in Patterson's substantive reasonableness challenge. To the extent he points us to cases in this circuit in which violations of supervision involving burglary resulted in far lower sentences, see United States v. Ramos, 401 F.3d 111, 113 (2d Cir. 2005); United States v. Cawley, 48 F.3d 90, 91 (2d Cir. 1995), neither case involved the decades-long pattern of serious criminality presented here, cf. United States v. Fleming, 397 F.3d 95, 100–01 (2d Cir. 2005) (affirming two-year sentence for defendant appearing for third violation of supervised release based on necessity for punishing defendant's behavior and deterrence). Moreover, in neither Ramos nor Cawley was this court asked to consider the substantive reasonableness of the imposed sentence, much less a possibly higher one. See United States v. Jones, 531 F.3d at 174 (recognizing range of sentences as substantively reasonable). Insofar as Patterson also relies on out-of-circuit cases to argue that a 50-month sentence is warranted only for crimes that are particularly "heinous," Appellant's Br. 6, we note that the ruling courts did not themselves so cabin their holdings.

In any event, Patterson cannot convincingly argue that the totality of his conduct over 20 years does not present, as the district court observed, "extreme circumstances," Sentencing Tr. 30:23, J.A. 31, so as to bring a 50-month sentence "within the range of permissible decisions" that can be deemed reasonable.

Thus, we conclude that Patterson's reasonableness challenge is meritless. We have considered Patterson's remaining arguments and conclude that they too are without merit. We therefore AFFIRM the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court