16-4103-cr
*United States v. Hunter*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of November, two thousand seventeen.

PRESENT:

      GERARD E. LYNCH,
      SUSAN L. CARNEY,
            *Circuit Judges.*
      ALVIN K. HELLERSTEIN,*
            *District Judge.*

_____

UNITED STATES OF AMERICA,

        *Appellee,*

       v.                     No. 16-4103-cr

MICHAEL HUNTER,

        *Defendant-Appellant.*

_____

FOR APPELLANT:          Barry D. Leiwant, Assistant Federal Public Defender, Federal Defenders of New York, Inc., New York, NY.

---

* Judge Alvin K. Hellerstein, of the United States District Court for the Southern District of New York, sitting by designation.

FOR APPELLEE:                                    Bridget M. Rohde, Acting United States Attorney for the Eastern District of New York, (Mark E. Misorek, David C. James, Assistant United States Attorneys *on the brief*), Brooklyn, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Bianco, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on November 4, 2016, is **AFFIRMED**.

Defendant-appellant Michael Hunter appeals the judgment of conviction entered on November 4, 2016, sentencing him to 48 months' imprisonment, to run consecutive to his undischarged state sentence of 17 years and six months. The federal sentence was imposed upon his conviction for violating the terms of his federal supervised release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

Hunter was serving an eight-year term of federal supervised release when, in 2009, he was arrested for robbing and sexually assaulting a woman on a subway platform in New York. Although, for a brief period after his arrest, he was found incompetent to stand trial, he thereafter was found to be competent and, in 2013, he was tried and convicted in New York State Supreme Court of several crimes arising out of the 2009 assault. He was sentenced in state court to a term of 17 years and sixth months' imprisonment, followed by 25 years' post-release parole supervision. After Hunter's state court conviction, the District Court found that he violated the terms and conditions of his federal supervised release by committing the 2009 crime. The District Court imposed a sentence of 48 months' imprisonment, to run consecutive to his state incarceratory sentence. The 48-month sentence was below Hunter's Guidelines range of 51 to 60 months. *See* U.S.S.G. § 7B1.4(a); 18 U.S.C. § 3583(e)(3). The Guidelines provide that any term of imprisonment imposed upon the revocation of supervised release should be served "consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment

2

being served resulted from the conduct that is the basis of the revocation of probation or supervised release." U.S.S.G. § 7B1.3(f).

Hunter argues that the 48-month consecutive term is substantively unreasonable. We review the sentence imposed for a violation of supervised release for reasonableness, which is "akin to review for abuse of discretion." *United States v. Sindima*, 488 F.3d 81, 85 (2d Cir. 2007). A sentence is substantively unreasonable only in the "exceptional" case that it "cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc). Our practice is to exercise "restraint, not micromanagement" in the execution of our appellate duties in this area. *United States v. Fleming*, 397 F.3d 95, 100 (2d Cir. 2005).

District courts may revoke a term of supervised release and impose a term of imprisonment when a defendant violates a condition of his supervised release. 18 U.S.C. § 3583(e)(3). If the defendant is serving a state term of imprisonment when the court revokes his supervised release, the court may choose to have the resulting term of imprisonment run concurrent with or consecutive to the state term. 18 U.S.C. § 3584(a); *see also* U.S.S.G. § 7B1.3. In making that decision, courts should consider the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3584(b). These include, *inter alia*, the defendant's personal history and characteristics, the need to promote respect for the law and afford adequate deterrence to criminal conduct, the need to protect the public from the defendant's future crimes, and the applicable Guidelines range. 18 U.S.C. § 3553(a).

Hunter's 48-month sentence is below his Guidelines range. *See* U.S.S.G. § 7B1.4(a); 18 U.S.C. § 3583(e)(3). Although not every sentence that falls within the applicable Guidelines range will be substantively reasonable, a Guidelines sentence is reasonable in the "overwhelming majority" of cases. *United States v. Fernandez*, 443 F.3d 19, 27 (2d Cir. 2006), *abrogated on other grounds by Rita v. United States*, 551 U.S. 338 (2007). In light of Hunter's repeated inability to comply with the terms and conditions of his release, the District Court reasonably determined that a "very lengthy sentence [wa]s needed to deter him" from additional violations. App'x at 51-52. Based on these considerations, the 48-month sentence imposed is an appropriate sanction for Hunter's conduct.

3

Hunter argues that requiring this sentence to be served consecutive to the state term is unnecessarily harsh. He contends that his lengthy state sentence fully accomplishes the goals of sentencing, and that any additional term of incarceration violates the general principle that sentences should be no longer than necessary to accomplish the goals of sentencing. A sentence for violation of supervised release, however, is not intended to punish the defendant for the underlying crime. *Sindima*, 488 F.3d at 86. Rather, it is intended to sanction the defendant's "breach of trust" with the court. *Id.* A consecutive term, therefore, serves a unique purpose regardless of the length of the underlying state sentence. Here, a consecutive sentence was particularly appropriate in light of the District Court's conclusion that Hunter's breach of the court's trust was "flagrant." App'x at 51.

Neither Hunter's cognitive difficulty nor the fact that he will be 59 years old when he completes his state term of imprisonment casts doubt on the reasonableness of the District Court's judgment. The District Court did lower Hunter's sentence from the Guidelines range of 51 to 60 months to 48 months to account for his possibly diminished mental capacity. The District Court was also entitled to find that the importance of deterring Hunter from additional criminal activity outweighed any remaining concerns about the exact level of his intellectual functioning, particularly in light of the New York state court's finding that Hunter was competent to stand trial. Finally, although district courts may consider the possibility, based on statistical analyses, that defendants may generally be less likely to reoffend as they age, courts are not required to favor statistical models over evidence suggesting that a particular defendant is likely to reoffend, even as he or she ages. *See United States v. Jenkins*, 854 F.3d 181, 192 (2d Cir. 2017) ("[I]t would be well within a district court's discretion to increase a sentence based on a likelihood of reoffending [if there was] . . . some support in the record for that conclusion, such as, for example, a record of previous convictions . . . .").

We conclude accordingly that the District Court's decision to impose a 48-month sentence to run consecutive to the state term lies within the range of permissible decisions and is not substantively unreasonable.

4

* * *

We have considered Hunter's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk of Court