*United States v. Nelson*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of March, two thousand twenty-three.

Present:

> WILLIAM J. NARDINI,
> SARAH A. L. MERRIAM,
> *Circuit Judges,*
> GARY S. KATZMANN,
> *Judge\**

---

UNITED STATES OF AMERICA,

       *Appellee,*

    v.                                    22-532

ERROL NELSON,

       *Defendant-Appellant.*

---

| | |
|---|---|
| For Appellee: | Alexander Wentworth-Ping, Assistant United States Attorney (Carina H. Schoenberger, *on the brief*), on behalf of Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY |
| For Appellant: | Melissa A. Tuohey, Assistant Federal Public Defender, Office of the Federal Public Defender, Syracuse, NY |

---

\* Judge Gary S. Katzmann, of the United States Court of International Trade, sitting by designation.

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae D'Agostino, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Errol Nelson appeals from a judgment of the United States District Court for the Northern District of New York (Mae D'Agostino, *Judge*) entered on March 14, 2022, sentencing him principally to 18 months of imprisonment, following his violations of the conditions of a previously imposed term of supervised release. Nelson's first violation arose from his admitted failure to refrain from illegal marijuana use. His second violation involved new criminal conduct stemming from a physical altercation during a domestic dispute on October 19, 2021. Nelson's violations carried a 24-month statutory maximum prison term, and the advisory Guidelines range was five to eleven months. On appeal, Nelson argues that his 18-month sentence is substantively unreasonable. We assume the parties' familiarity with the case.

We review the reasonableness of a sentence for a violation of the terms of supervised release under a deferential abuse of discretion standard. *See United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008). We will set aside a district court's sentence as substantively unreasonable "only in exceptional cases where its decision cannot be located within the range of permissible decisions." *United States v. Aumais*, 656 F.3d 147, 151 (2d Cir. 2011) (cleaned up). In other words, a substantively unreasonable sentence is one "so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing [it] to stand would damage the administration of justice." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (internal quotation marks omitted).

2

In "determining an appropriate sentence for [a] violation of supervised release," a district court must "'consider' most of the factors listed in [18 U.S.C. §] 3553(a)." *United States v. Fleming,* 397 F.3d 95, 97, 99 (2d Cir. 2005) (quoting 18 U.S.C. § 3583(e)) (alterations omitted). These factors include the history and characteristics of the defendant and the need for the sentence imposed to protect the public from further crimes of the defendant. 18 U.S.C. § 3583(e) (referencing *id.* §§ 3553(a)(1), (a)(2)(C)). The district court retains broad discretion to consider "other pertinent factors" as well. *United States v. Williams*, 443 F.3d 35, 47 (2d Cir. 2006). In particular, "the critical subject under consideration at a revocation proceeding" is "the breach of trust manifested by the violation." *United States v. Edwards*, 834 F.3d 180, 194 (2d Cir. 2016) (internal quotation marks omitted).

Assessing the severity of the breach of trust "necessarily requires consideration of the defendant's criminal history at the time the violation occurred" and "the severity of the conduct constituting the violation." *United States v. Ramos*, 979 F.3d 994, 1001, 1003 (2d. Cir. 2020) (internal quotation marks omitted). Moreover, "no presumption of unreasonableness may be applied to sentences outside applicable Guidelines ranges." *Verkhoglyad*, 516 F.3d at 136 (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). While we "may . . . consider the extent of and reasons for a deviation in assessing reasonableness, in the end, [we] 'must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance.'" *Id.* (quoting *Gall*, 552 U.S. at 51).

The district court did not give undue weight to Nelson's criminal history in reaching the conclusion that Nelson is a "dangerous person . . . who does not have good judgment and good impulse control." App'x at 62. Nelson's criminal history includes convictions under Virgin Islands law for aiding and abetting second-degree murder and aiding and abetting first-degree robbery. It

3

also includes three convictions related to his possession of a loaded firearm with the serial number obliterated while on parole for his aiding-and-abetting crimes. Furthermore, at his revocation hearing, Nelson did not seem to appreciate the wrongfulness of some of his prior conduct, trying to justify his previous possession of a firearm while a felon.

The district court also gave permissible weight to the seriousness of Nelson's violation conduct. Placed in the context of his lengthy criminal history and his statements during the revocation hearing, Nelson's involvement in an altercation with his brother during the October 19, 2021, dispute supported the district court's conclusion that a serious term of imprisonment was warranted. Indeed, Nelson had pleaded guilty to menacing in the second degree under New York law based on that episode. Although Nelson argues that the district court's decision was impacted by unsubstantiated allegations that he displayed a machete and an ax to the victim during the dispute, the district court made it abundantly clear that it was not making any factual findings on that point and did not factor those allegations into its decision.

Therefore, we defer to the district court's assessment of the applicable 18 U.S.C. § 3553(a) factors and conclude that Nelson's sentence is not "shockingly high, shockingly low, or otherwise unsupportable as a matter of law." *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009).

\* \* \*

We have considered all of Nelson's arguments and find them to be unpersuasive. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:<br>
Catherine O'Hagan Wolfe,<br>
Clerk of Court